ALBANY,
Jan. 1813.

GARDNER
v.
GARDNER.

Judgment for the plaintiffs.

GARDNER AND OTHERS *against* GARDNER AND OTHERS.

THIS was an action of *covenant*. The declaration stated that the plaintiffs purchased, on the 22d *August*, 1806, of *Mary Gardner*, widow of *N. Gardner*, deceased, all her right of *dower* in the real and personal estate of her husband, for which they gave their obligation to the widow, for 625 dollars; and the defendants, on the 6th *October*, 1806, by a certain instrument, &c. under their hands and seals, covenanted and agreed to and with the plaintiffs, that the defendants, in consideration that the plaintiffs would convey to the defendants their proportion, to wit, one third of the *dower*, purchased as aforesaid, the defendants would, thereupon, immediately pay one third part of the obligation to *Mary Gardner;* and the plaintiffs averred that they did, on, &c. convey to the defendants their proportion, to wit, one third of the right of dower, purchased of *Mary Gardner*, which the defendants received, &c. Yet, &c. The defendants pleaded *non est factum.*

At the trial, the plaintiffs offered the instrument or covenant executed by the defendants, and which was written at the bottom of another instrument, executed by the plaintiffs as follows: " Whereas we the subscribers have purchased of our stepmother, *Mary Gardner*, widow and relict of *Nathaniel Gardner*, our late father, deceased, all her right of dower in and to the estate, both real and personal, of the said *N. Gardner ;* and whereas three of the heirs of the said estate, to wit, (the defendants,) being absent, are not concerned, at present, in the said purchase, these are, therefore, to certify that we hereby promise and engage for ourselves, our heirs, &c. to permit the said absent heirs to come in with us, and derive equal advantages with us in the said purchase, when they or either of them shall signify to us their desire so to do, by paying their just proportion of the purchase-money, which we.

*The plea of non est factum puts the deed only in issue, and the plaintiff need not prove other averments in his declaration.*

*Where some of the heirs of A, deceased, having purchased of his widow her right of dower to the estate, for which they gave a bond to the widow, agreed to let in the other heirs, to an equal participation of the benefit of the purchase, on their paying their proportion of the purchase-money; and the other heirs covenanted " to pay their proportion of the obligation to the widow ;" this was held a mutual covenant between the heirs, and that the word widow was used only to designate the obligation intended.*

have engaged to pay for the said dower, amounting to 625 dollars." Witness," &c.

The covenant of the defendants was in the following words: "The undersigned, *L. G.*, *J. G.* and *A. B.*, become included in the above, and are to pay their proportion of the obligation to the *widow*, and receive their proportion of her dower," Witness, &c.

The defendants' counsel objected to the giving this instrument in evidence, because it was a covenant with the *widow*, and not with the plaintiffs; and because the covenant was several and not joint.

The objection was overruled by the judge. The defendants moved for a nonsuit, on the ground that as by the agreement, the defendants were to pay the one third of the obligation to the widow, on their receiving one third of her dower, it was incumbent on the plaintiffs to prove that the defendants had received the one third of the dower, and no such proof being offered, the plaintiffs were nonsuited.

A motion was made to set aside the nonsuit, and for a new trial.

*Swift*, for the plaintiffs, contended, that this was a covenant to pay to the plaintiffs, not to the *widow*; the word *widow* being used only by way of description of the obligation intended: and that the plaintiffs, on the issue of *non est factum*, were not bound to prove the averments in the declaration. He cited *Lawes on Pleading*, 113. *Tidd*, 593. *Peake's Ev.* 266. (285.) 8 *Term Rep.* 282.

*Ruggles*, contra, insisted, that the plaintiffs having stated a condition precedent, were bound to prove it; and that the instrument was for the benefit of the widow, who might maintain a suit upon it.

*Per Curiam.* The plea of *non est factum* only put the deed in issue, and it was not requisite for the plaintiffs to prove their averments. The authorities cited (*Tidd* and *Peake*) establish this rule. The covenant declared on and produced, was to the plaintiffs and not to the widow. The term *widow* is used in it only to designate the obligation, of which they were to pay their proportion. The covenant was a counterpart to one made by the plaintiffs in favour of the defendants, and was to meet the proposition

contained in the plaintiffs' covenant. Both covenants were mutual between the heirs. The nonsuit must be set aside, and a new trial awarded, with costs to abide the event of the suit.

New trial granted.