Dayan, Senator.
It. was insisted on the argument, 1. That the breach in the declaration was badly assigned, as to amount and manner of payment; 2. That there was a variance, between the instrument declared on, and the one produced in evidence:, 3. That the evidence of Roosevelt’s false and fraudulent representations was pertinent,; and *329 should not have been rejected; 4. That the performance of the contract on the part of Roosevelt was not admitted ‘jy the plea under the circumstances of the case.
It cannot be necessary to examine the first objection. It was removed by an amendment. The second is not well taken in point of fact. There is no variance between the instrument declared on, and the one produced in evidence.
As to the third point; the plea of non est factum puts in issue th& fact whether the instrument was the deed of the defendant, at the time of pleading the plea.
Under this plea it may be shown that the defendant was, at the time of the delivery, a lunatic; (2 Stra. 1104;) or that he was made to sign it when so drunk as not to know what he *did, if that drunkenness was procured by the plaintiff; (3 P. Wms. 130 ;) or that the defendant was a married woman; (12 Mod. 609 ;) or that the deed was delivered as an escrow on a condition not performed; (Bull. N. P. 172;) or that a different instrument was substituted instead of the one the defendant supposed he was executing; (12 John. Rep. 337;) or he may show, under this plea, that the deed, after execution, had been altered in a material point by the obligee or a stranger; (Shep. Touch. 71 ; 3 Campb. 181;) or that the deed had been altered by the obligee in a point not material, as in Pigot’s case, (11 Rep. 27; 5 Taunt. 707, 710.) And any other matter which shows the consideration illegal, by common law or statute, may be given evidence under this plea. The distinction is between the illegality of the consideration and the want or failure of consideration. ,
In the case before us, the alleged false and fraudulent representations applied only to the annuity, a separate and independent covenant. But suppose it otherwise; they were clearly made in relation to the quality and value of the lands sold. Chief justice Spencer, in delivering the opinion of the court in Dorr v. Munsell, (13 John. Rep. 430,) says, “ At law, the defendant cannot avoid a. solemn deed on the ground of want of consideration. That inquiry is precluded by the very nature of the instrument.” Tompkins, justice, in the case of Vroomanv.Phelps, (2 John *330 Rep. 177,) cites the case of Dorlan v. Sammis, in which the court held, that the want or failure of consideration, could not he set up at law to impeach a specialty. He further says, it has been repeatedly decided, that the breach of a written warranty as to the quality of the goods sold, cannot be pleaded in discharge of a bond given for the consideration ; much less ought parol representations as to the quality of a thing, made antecedent to the contract, though false and fraudulent, and though' they may have induced the defendant to make the purchase, he pleaded in avoidance of a specialty, (a)
The court, in Bruce v. Lee, (4 John. Rep. 410,) say the seal does not preclude an enquiry into the consideration if illegal and fraudulent. In using the word fraudulent, they *evidently mean to follow some of the elementary writers’ who have laid it down, without qualification, that fraud may be given in evidence under the plea of non est factum. But Spencer, justice, in Dorr v. Munsell, strips this question of all doubt and uncertainty; and lays down the true doctrine. He says, “In some of the elementary writers, it is stated that frayd may be given in evidence under the plea of non est factum. This must be confined to cases where the fraud relates to the execution of the instrument; as if a deed be fraudulently misread, and executed under that imposition; or where there is a fraudulent substitution of one deed for another, and the party executed a deed he did not intend to execute.”
In. this case, the coal mine was a part of the consideration of the agreement; and the fraud alleged was the representing that there was a coal mine on the land, when in fact there was no such mine; and that in consequence, Fulton was induced to execute the agreement. . The evidence was offered to show a want or failure of consideration ; and as such was properly rejected by the judge.
As to the fourth and last point; the plea of non est factum puts in issue the deed only. All other material averments in the declaration are admitted. [1] (10 John. Rep. 47. 4 *331 Cowen, 173.) The averment that Roosevelt procured letters patent to be granted to Fulton fqr the lands, &c., and that he delivered the letters patent to Fulton, being a material averment, was admitted by the plea. The stipulation ought not, under the circumstances, to prejudice the rights of the plaintiff below, and in my opinion did not.
But whether it did or not, the point not having been raised at the trial nor incorporated in the bill of exceptions, and the averment of performance being a material one, which, if not admitted must have been proved, before the jury could find for the plaintiff below, must be presumed to have been proved on the trial. (2 Tidd, 825, 6 ; 1 Term. Rep. 145, 6.)
I am, therefore, of opinion that the judgment of the supreme court should be affirmed.
*Viele, Senator. The grounds upon which it is sought to reverse the judgment in this case, are
1. That there was a variance between the instrument dedared upon in the court below, and the one produced in evidence;
2. That the breach of covenant was not well assigned;
3. That the evidence of fraudulent representations on the part of the defendant in error, had been improperly rejected by the circuit judge; and
, 4. That the plaintiff in the court below ought to have been required to prove on the trial, performance of the contract on his part.
Neither of the grounds are sufficient, in my opinion, to warrant an interference with the judgment of the supreme court.
The variance complained of, does not arise in the description or setting forth of the contract, or covenant upon which the action is brought; but is sought for in the assignment of the breach of the contract; and there it only differs in the amount of the sum that is alleged not to have been paid. *332 Upon a covenant for the payment of a certain sum of money, there can be no good reason why the assignment of a breach for' the non-payment of any portion of the amount, would not be sufficient; and'least of all could it be objected on the ground of variance. The only effect of such ah assignment would be, to limit the recovery of damages to an amount which the assignment would cover.
In this case, it appears' from the bill of exceptions, that the plaintiff, on- the trial, claimed to recover an amount within the sum alleged not to have been paid according to the covenant. .
The objection to the assignment of the' breach, as it respects the manner, in which payment was to be made, is most certainly futile. The covenant obligates Fulton, his heirs, &c., to pay Roosevelt $4,400, in the following manner : “ The amount of the last instalments,, being about $11,50 with interest, the said Robert Fulton obligates him self to pay to the United States ; and the sum of $3,250 to the said N. I. Roosevelt,‘in-his notes, at six, twelve and eighteen months.” *Upon this the assignment is, that he hath not paid to the said N. I. Roosevelt in the manner mentioned in the said agreement; clearly negativing the words and substance of the Covenant. It can hardly be necessary to cite authorities for the purpose of showing such an assignment sufficient.
Had the assignment, 'in this case, been more particular, and alleged the non-payment of the -specific sum to the United States, and the other portion to N.T. Roosevelt, it might then have been objected, with equal propriety, that it had not alleged the non-payment in the particular notes that were contemplated by the agreement. But alleging that payment had not been made in the manner mentioned in the agreement, covers, the whole branch; and fully apprises the opposite party* of 'the real ground of claim. That is, I ap prehend the only beneficial office of the assignment of a breach in an agreement.
It is equally clear that the evidence of fraudulent representations, offered on the part of the defence, could not be received in a court of law without a violation of some of the *333 most ancient and best settled rules that govern such courts. The hardship of any particular case, if hardship exists, ought not to be allowed a moment’s conflict with the landmarks of the law.
It has been held that a breach of a warranty as to the quality of goods sold, made antecedently, though false and fraudulent, and though it may have induced the purchase, could not be pleaded in discharge of a covenant given for the consideration. (2 John. 177.) The undoubted rule is, that a want of consideration, or'a mere failure of consideration, cannot be set up in á court of law "against a valid instrument under seal. But the party is not without remedy, though this rule should be inflexibly maintained, for any real injury he may have suffered. A court of equity is the proper tribunal for him to address himself to, and always ready, and much better adapted than a court of law, to administer such relief as he can show himself entitled to in equity and good conscience.
Even in this very case an opportunity has been afforded, and an appropriate occasion has been had, of showing all the ^circumstances of the transaction between the parties, and claiming all the relief those circumstances would warrant; and the party was then relieved from the most onerous part of the contract; and from all that portion of it which was then supposed to be founded upon the false representations of the plaintiff below, whether originating in fraud or mistake.
The performance of the contract, on the part of the plaintiff below, was not put in issue by the pleadings; (1 Chit. Pl. 465 ;) and he could not therefore be called upon to prove . , x í it on the trial. By pleading non est factum only, the defendant admitted every other material allegation in the declaration. This is a general rule, to which I know of ho exception. (10 John. 47.)
Nor does the stipulation endorsed upon the plea, vary or effect the operation of this rule. That permits the defendant, on the trial, to give proof of such legal matter of defence as he might have in his power, without requiring it to be pleaded specially. It evidently looks at affirmative *334 proof on the part of the defendant; and which, if pleaded, must' of necessity have admitted and avoided the allegations of the declaration; and did not authorize the defendantbelow on the trial, to take issue upon a different matter in the declaration, and thus compel the plaintiff below to procure farther and other evidence, and which nothing offered on the part of the defendant below could have rendered necessary. A contrary cónstruction would appear.to me to be forced and unnatural, and not in the contemplation of the parties at the time the stipulation was given. I come to the conclusion, without a remaining doubt, that the judgment of the supreme court should be affirmed.
Thereupon, Per totam curiam,
Judgment affirmed.

 Wyche v. Macklin, 2 Randolph, 426, S. P.

 Legg v. Robinson, 7 Wen. 94 Morman v. Wells, 17 id. 136; Barney *331 v. Keith, 6 id. 555; Cooper v. Watson, 10 id. 202. Hubbard v. Delaphane, 3 Hill, 187; M'Mish v. Stewart, 7 Cow. 474; Kane v. Sanger, 14 John. 89.

 Since Revised Statutes. See R. S. 4, ed. 635, § 108-9. A failure of consideration may be pleaded in bar to a recovery under a sealed instrument. *328 See Case v. Broughton, 10 Wen. 106; Russell v. Rogers, 15 id. 351; Fay’s Adm’rs v. Richards, 21 id. 626; Talmidge v. Wallis, 25 id. 107; Van Epps v. Harrison, 5 Hill, 66.