NEW-YORK,
May, 1831.

Legg
v.
Robinson.

---

## LEGG *vs.* ROBINSON.

In *covenant* or *debt*, the plea of *non est factum* only puts in issue the giving of the deed, and it is not necessary in such a case for the plaintiff to prove the *averments* or *breaches* contained in his declaration; the plea admits all the material averments.

Where, in a *justice's court*, to a declaration on an appeal bond, containing all the necessary averments to charge the defendant, the defendant pleaded that *he never gave such a writing*, IT WAS HELD, that the above rule applied, and that the plaintiff was bound to prove only the execution of the bond.

ERROR from the Cayuga common pleas. Legg sued Robinson in a justice's court, on an appeal bond, and put in a formal declaration in *covenant*, setting forth the bond and condition, and averring a judgment for $46,54, debt and costs, in favor of the plaintiff against one *John Groom*, for whom Robinson had become surety in the appeal bond, and assigning for breaches that Groom had not paid the judgment, the issuing

of a *fi. fa.* and return of *nulla bona*, the issuing of a *ca. sa.* and return of *non est inventus*, and that the judgment remained in full force, concluding with the usual breach. The justice, in his return to the common pleas on an *appeal* made, stated : " To the said declaration and demand the defendant pleaded the general issue, ' *that he never gave such a writing*,' and asked for a nonsuit." On the trial in the common pleas, the plaintiff produced the bond declared on, and rested. The court decided that the plaintiff was not entitled to recover unless he also proved the averments in his declaration, which the plaintiff declining to do, the court decided that the plaintiff should be *nonsuited ;* to which decision the plaintiff excepted. Before, however, the nonsuit was entered, the counsel of the defendant, " for the purpose of fortifying the case," as the bill of exceptions states, offered in evidence a *ca. sa.* issued out of the common pleas of Cayuga, in favor of Legg against *John Groom* for $12,74 debt, and $33,80 damages and costs, tested in September, 1827, and returnable in January thereafter filed in the clerk's office, with the following endorsements thereon ; " Rec'd Dec. 1, 1827, Arch'd Green, sh'ff. Rec'd defendant into custody Dec. 20, 1827, J. Sheldon, jailor ;' which evidence was objected to by the plaintiff, but received by the court, who charged the jury that the defendant was entitled to a verdict. The jury accordingly found a verdict for the defendant, on which judgment was entered. The plaintiff sued out a writ of error.

*Kellogg & Sandford*, for plaintiff in error. The only plea put in by the defendant was, that *he had not given such a writing* as the plaintiff had declared on, and the issue, therefore, to be tried was, whether the instrument declared on had been duly executed. If the defendant be considered as having pleaded the *general issue*, it amounts to the same thing ; for in *covenant* there is no general issue other than *non est factum*, and where the deed only is put in issue, all other material averments are admitted. 2 Starkie's Ev. 430. 10 Johns. R. 47. 4 Cowen, 173, 474. 9 id. 308. The evidence of the *ca. sa.* was inadmissible ; the defendant had not pleaded it or given notice of it ; no judgment was shewn to support it ; it was

NEW-YORK,
May, 1831.

Legg
v.
Robinson.

Legg
v.
Robinson.

against a different person and for a different sum; and the endorsements on it were not verified.

*W. H. Seward*, for defendant in error. The plea was virtually a denial of all the allegations in the declaration; it amounted to a plea of *non infregit conventionem*, which is a good plea, if not demurred to, 7 Cowen, 71; and being put in, in a justice's court, will be favorably construed. 1 Johns. C. 333. 3 Caines, 275. 3 Johns. R. 427. The evidence on the part of the defendant was admissible, after the court had intimated their opinion that the plaintiff should be nonsuited; for the defendant might waive the nonsuit, and did so in fact, by offering evidence in defence. He was not bound to shew the judgment, the plaintiff having declared upon it, and shewing an arrest under a *ca. sa.* he established his defence.

*By the Court*, SUTHERLAND, J. I understand from the record that the defendant's plea before the justice was simply " *that he never gave such a writing*," and that he asked for a nonsuit. The justice says in his return, that he pleaded the general issue, and then states the words of the plea as above, with the marks of quotation. The justice considered those words as constituting a plea of the general issue.

It is abundantly settled, that in covenant or debt the plea of *non est factum* puts in issue the giving of the deed only, and that it is not necessary in such a case for the plaintiff to prove the averments or breaches contained in his declaration. The plea admits all the material averments. 10 Johns. R. 48. 7 Cowen, 474. 9 id. 308. There is no dispute as to this rule in courts of record. The question in this case is, whether it is applicable to suits before justices of the peace. The declaration here was in covenant upon an appeal bond, in the usual form. It averred, 1st. That the appeal was duly prosecuted, and a judgment recovered thereon by the plaintiff, in the court of common pleas: 2d. That the said judgment had not been paid or satisfied; 3d. That a *fi. fa.* had been duly issued and returned, *nulla bona*; 4th. That a *ca. sa.* was afterwards duly issued and returned, *non est inventus*; and 5th. That the judgment is still in force, &c. To this declaration the defendant

pleaded that *he never gave such a writing*, and the court below held that the plaintiff was bound to prove not only the bond, but the truth of all his averments.

Mere matter of form is not regarded in proceedings before those inferior courts; any statement of the cause of action, or the defence, which fairly apprises the opposite party of the grounds relied upon, either to support or defeat the action, is sufficient. The name by which any thing may be called is not, in these cases, material, if the thing itself is right. The mistake in the name is not calculated to mislead. Technical niceties will not be exacted; but parties must be held to a plain and intelligible statement of their cases. Their is no difficulty in this; any man, however unlettered, is capable of doing it. Now the plaintiff's declaration in this case, though formal, was at the same time perfectly simple and perspicuous. The defendant might, without the aid of the counsel, in his own language, have answered each one, or all of the averments. Instead of that, he simply says *he never gave such a writing*. Such a plea, under such circumstances, was calculated to make the plaintiff believe that the execution of the bond was the only matter in dispute, and that evidence upon any other point would not be required from him. The court therefore erred in deciding that the plaintiff must prove all the averments in his declarations, or he could not recover. The ca. sa. given in evidence by the defendant was also improperly admitted; it did not correspond with the judgment on which the plaintiff relied, and no other judgment was proved; and it was not authenticated in any manner.

Judgment reversed, and *venire de novo* to Cayuga common pleas.