Nov. Term,
1845.

UTTER
v.
VANCE.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*G. G. Dunn,* for the plaintiff.

*A. A. Hammond* and *S. Major*, for the state.

---

### UTTER *v.* VANCE.

In debt on a writing obligatory, *non est factum* puts nothing in issue but the execution of the instrument : the other material allegations in the declaration are admitted by the plea.

If evidence not material to the issue be introduced, the Court may instruct the jury to disregard it.

*Friday,*
*November* 28.

APPEAL from the *Boone* Circuit Court.

DEWEY, J.—This was an action of debt by *Vance* against *Utter.* The first count in the declaration, and the only one necessary to be noticed, alleges that the plaintiff and defendant, on, &c., entered into a writing obligatory, whereby it was agreed between them that the plaintiff had, on, &c., sold to the defendant a horse at the price of 150 dollars, to be paid out of the avails of a note which the defendant held against one *M'Connell*, of *Tennessee*, for 325 dollars, then

due and payable; which note was to be put in suit, and the first money collected on it to be paid to the plaintiff for the horse, with interest from the date of the writing obligatory; the solvency of *McConnell* to be at the risk of the plaintiff. The count then alleges that *McConnell* was solvent, and that he had paid to the defendant the amount of the note, but the defendant refused to pay for the horse. The defendant pleaded to the first count, that after the execution of the writing obligatory therein mentioned, the same was materially altered, without the knowledge or consent of the defendant, by the insertion of the clause respecting the risk by the plaintiff of the solvency of *McConnell;* and that, therefore, the writing obligatory was not the defendant's deed. The plea was sworn to; and issue upon it. Verdict and judgment for the plaintiff.

It appeared in evidence, that the defendant obtained a judgment against *McConnell*, on the note mentioned in the writing obligatory, in *Tennessee;* that the judgment was enjoined there by the Court of chancery; that the injunction was dissolved; that upon the dissolution of the injunction, *McConnell* paid the judgment to the defendant; but before the money was paid, the defendant was required by the proper Court to execute a bond to *McConnell*, conditioned to refund the money should the suit in chancery respecting the judgment terminate in his favour; that *McConnell* did succeed in that suit; and that the defendant repaid the money to him.

The Court instructed the jury, that if they should find from the evidence the writing obligatory had not been altered as alleged in the plea, the refunding the money by the defendant to *McConnell* could make no difference as to his liability in this action.

The only question in this cause arises from this instruction; and we think it must be decided against the appellant. The special plea of *non est factum* put in issue nothing but the execution of the writing obligatory. All the other material allegations of the first count are admitted by the plea. *Gardner* v. *Gardner*, 10 Johns. 47.—*Legg* v. *Robinson*, 7 Wend. 194. The substance of the agreement set out is, that the defendant should pay the plaintiff 150 dollars for a horse purchased of him, out of the first money which should be

collected by the defendant from *McConnell* on a certain note; and it is alleged that the money was collected by the defendant, but that he refused to pay for the horse. This was sufficient to entitle the plaintiff to recover, provided the issue of *non est factum* was found for him. If the defendant supposed, that his inability to recover the contents of the note of *McConnell* on the merits, could avail him in this action, he should have pleaded an appropriate plea. Under the issue as it stood, that the defendant was compelled to refund the money which he collected of *McConnell*, was an immaterial matter. It was not involved in the pleading; and the Court was correct in instructing the jury to disregard it.

*Per Curiam.*—The judgment is affirmed with 2 *per cent.* damages and costs.

*W. W. Wick*, for the appellant.

*A. Kinney* and *S. B. Gookins*, for the appellee.