LEOPOLD MASSURE, plaintiff in error, *vs.* JOSEPH D. NOBLE, defendant in error.

*Error to Jo Daviess County Court.*

A witness, who had been an attorney in a petition for partition, was permitted to give in evidence his conclusions as to the correctness and sufficiency of the proceedings. This was held to be erroneous; he should have stated the facts only.
A stranger is not bound by nor can he take advantage of an estoppel.

This was an action of ejectment, commenced in the Jo Daviess County Court, to recover lot number forty-three, in the city of Galena. The cause was submitted to the Judge, Hugh T. Dickey, for trial, without the intervention of a jury; and verdict and judgment were entered for the defendant below, the defendant in error here. Several errors were assigned; but as one only is noticed in the opinion, the others will be disregarded. The decision of the Court furnishes a sufficient statement of facts, as to the point decided.

M. Y. JOHNSON, for plaintiff in error.

HEMPSTEAD & WASHBURNE, for defendant in error.

Opinion by Mr. Justice TRUMBULL:

The only question necessary to a determination of this case, arises out of the introduction of parol evidence by the defend-

ant, to show the contents of a petition for partition, which had been lost from the files of the Court. A witness was permitted to testify, that, as attorney, he filed the original petition, and sued out process; that the same was duly served, "and that the petition and all the proceedings were regular and in proper form, and that the petition set forth all that was necessary as to the rights of the parties, and other matters necessary and proper." The admission of this evidence was clearly improper. The witness should have been required to state the contents of the petition, that the Court might determine its sufficiency. His opinion that it contained all that was necessary and proper may have been erroneous. At all events, he was not the proper judge of that matter; and the Court erred in admitting in evidence the conclusions of the witness, instead of requiring him to state facts. But, in no event, was the evidence of this witness sufficient to supply the lost paper. Neither the judgment in partition, the report of the commissioners, nor the order of sale, contains any description of the premises sought to be divided, except by reference to the "lot described in said petition." The witness, called to testify as to the contents of the lost petition, gives no description of the land described therein. How, then, could the Court know that the proceedings in the partition suit, sought to be set up by the defendant in bar of the plaintiff's recovery, had any thing to do with the land in controversy? It is, however, insisted, that the plaintiff has ratified these proceedings, by executing to the commissioners who made the sale of the premises in question, and the purchasers from them, a release, and that he is thereby estopped from denying that the proceedings were not regular and the sale valid. This might and probably would be the case, if the release were set up by one who was a party or privy to it; but so far as the record shows, the defendant is a stranger to the transaction, who does not connect himself, either with the purchasers, the commissioners, or the title derived from them; and the principle is well settled, that a stranger shall not be bound by or take advantage of an estoppel. 7 Bac. Ab., 620.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*