# Thomas Lonergan

## *v.*

## Thomas E. Courtney.

1. New Trial — *matter of lengthy accounts.* It cannot be expected that this court will scrutinize every item of a litigated account. It will be sufficient if this court is satisfied there was evidence to sustain the verdict, and that the jury have not misapprehended its force.

2. Instruction — *repeating same principle.* It is not error to refuse an instruction, where another one is modified and given, which presents the same question in substance fairly to the jury.

3. Evidence — *proof of general custom as against express contract.* In a suit where the plaintiff sought to recover for building certain houses, a commission of ten per cent on the cost, where the evidence tended to prove a contract to pay such per cent as commissions, evidence on the part of the defendant, as to what was the general or customary commissions paid on such buildings, is properly rejected, as the same is wholly immaterial

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

This was an action of assumpsit, brought by Thomas E. Courtney against Thomas Lonergan. The opinion states sufficiently the material facts involved.

Mr. WM. B. SNOWHOOK, and Mr. JOHN BORDEN, for the appellant.

Mr. MELVILLE W. FULLER, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was assumpsit, in the Cook circuit court, on the common counts. The defense was, the general issue, and a set-off. There was a verdict for the plaintiff, and a motion for a new trial having been overruled, there was judgment thereon, to reverse which the defendant appeals.

It appears that in October, 1871, a few days after the fire, appellee agreed to erect two brick buildings for appellant, as appellee claimed, for ten per cent on the cost. The account was kept by appellee and one Clinton in a pass-book, on which appellants made payments from time to time.

According to the account, as kept by appellee, the balance claimed by him was more than seventeen hundred dollars. There was much testimony before the jury, tending to show a contract between these parties for ten per cent on the cost of the buildings, and not on the labor, as defendant contended, and from the examination we have given the testimony, we are inclined to think the jury would have been justified in finding a much larger verdict. It cannot be expected this court will scrutinize every item of a litigated account. It is sufficient for us to be satisfied there is evidence sufficient to sustain the verdict — that the jury have not misapprehended its force. All the contested facts in this case have undergone the proper

ordeal, and the only objection we have to the finding is, that it is less than appellee was entitled to recover.

It is complained the jury were not properly instructed. The following instruction asked by the defendant was refused:

" The jury are instructed, that, in considering and weighing the testimony of the plaintiff, Courtney, they are entitled to consider, from the evidence, whether the bill, as rendered by him, and which is in evidence in this case, was just and true or not, and if any overcharges or errors are contained therein, whether the same were intentionally and knowingly made or adopted by him; and the jury are further entitled, in the same connection, to consider the book which is in evidence in this case, and whether the same was truly and correctly kept or not, and if not, how far the said Courtney is responsible for any errors that the jury may, from the evidence, find therein."

This instruction must be considered in connection with a previous instruction, which the court, after modifying, gave to the jury, as follows:

" The jury are instructed, that if they find, from the evidence, that errors occur in the bill rendered to the defendant, or in the book, both of which are in evidence in this case, and that the witness, Clinton, [or the plaintiff, Courtney,] had any connection therewith, the jury are entitled to consider their connection with any such errors, and the nature of such connection, in considering and weighing their testimony in this case, [together with the other evidence in the case; and the jury are further instructed, that they are the judges of the credibility of the witnesses, and the weight of the testimony on both sides of the case.]"

Considering the testimony as given to the jury, this modified instruction — the modification consisting in the words within the brackets — presented the question fairly to the jury which defendant desired to present, and was all he was entitled to claim from the court. To have given the one refused would have had a tendency to mislead, not to instruct, the jury.

Another point is made by appellant, that the court excluded certain evidence offered by him.

The defendant sought to prove by a witness what was the general commission for building such houses as those the subject of this controversy. There being evidence tending to prove a contract to pay ten per cent as such commissions, it was wholly immaterial what the general custom may have been.

We are satisfied, from the evidence, no injustice has been done appellant by this judgment, and we must affirm it.

*Judgment affirmed.*