Smith v. Lozano et al.

PETER SMITH

v.

FUSTENO LOZANO ET AL.

1.   SUIT ON AN APPEAL BOND—DISCONTINUANCE AS TO ONE OBLIGOR BY REASON OF BANKRUPTCY.—In a suit against two defendants upon a bond, where one of the defendants pleads his bankruptcy, it is no doubt proper practice to proceed with the suit against all the defendants to final judgment, notwithstanding the adjudication in bankruptcy, and then enter an order staying execution against the bankrupt until the question of his discharge is determined; but it does not follow that no other course can be pursued.   The plaintiff may discontinue as to the defendant alleging bankruptcy, and proceed to judgment against the other defendant.   The obligation, which is the foundation of the action, is by statute declared to be joint and several, and the plaintiff may so treat it.

2.   LEVY OF EXECUTION—NOT ALWAYS A SATISFACTION.—A levy upon a sufficient amount of personal property, is for some purposes deemed in law a satisfaction of the judgment; but it is a satisfaction *sub modo* only, and if, without the fault of the officer or the plaintiff, the levy becomes unavailing, it is not a satisfaction of the judgment.

3.   ESTOPPEL BY RECITALS IN THE BOND.—The bond sued on recited a judgment, and covenanted for its payment upon its affirmance in Supreme

Court, and the obligors are estopped by such recitals to deny the existence of a valid, unsatisfied judgment at the time the bond was executed. Although there had been a levy upon sufficient property to satisfy the judgment, yet appellants, by interposing their appeal bond to Supreme Court, suspended all proceedings under the levy, and they cannot now be permitted to insist that the levy was itself a payment and satisfaction of the judgment.

4. PROOF OF AFFIRMANCE OF JUDGMENT IN SUPREME COURT.—The third and fourth pleas being held insufficient on demurrer, the only remaining pleas were *non est factum* and payment of the judgment. The plea of *non est factum* only put in issue the execution of such a bond as was described in the declaration, and was fully met by the introduction of such a bond as was declared on. The plea of payment is a plea of confession and avoidance, and put in issue no averment of the declaration. Hence the averment that the judgment was affirmed, not being traversed, was admitted, and appellees were not bound to prove it.

5. TRYING CAUSE OUT OF ITS ORDER—DISCRETION OF THE COURT.—Were the record silent as to the grounds upon which the court acted in directing the cause to be brought on for trial out of its order, a presumption might be indulged in favor of the exercise of the discretion of the court below, but it affirmatively appears that the case was taken up under the "five-day rule" of the Superior Court, and not otherwise; hence any presumption of the exercise by the court of its discretion upon other grounds is excluded, and the action of the court must find its justification in the rule alone.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. JOHN M. GARTSIDE, for appellant; in support of the rule as to proceeding against all the defendants to judgment, cited Byers v. First Nat. Bank, 10 Chicago Legal News, 108; Hoyt v. Frul, 8 Abb. Prac. 220; Bump on Bank'cy, 687; Ladd et al. v. Edwards, Breese, 182.

As to plea of payment of the judgment, and satisfaction by levy, Smith v. Hughes, 24 Ill. 276; Hood v. Moore, 4 Gilm. 99; Gregory v. Stark, 3 Scam. 612; Shepard v. Rowe, 14 Wend. 263; Wood v. Torrey, 6 Wend. 564; Harris v. Evans, 81 Ill. 419; Corbin v. Pearce, 81 Ill. 461; Herrick v. Swartwout, 72 Ill. 340; Ambrose v. Weed, 11 Ill. 488; Brush v. Seguin, 24 Ill. 254.

As to taking up cases out of their order, Smith v. Third Nat. Bank, 79 Ill. 118; McCormick v. Wells, 83 Ill. 239.

Messrs. TENNEYS, FLOWER & ABERCROMBIE, for appellees;

contending that plaintiffs might discontinue as to one of the obligors who had suggested his bankruptcy, and proceed against the other, cited Rev. Stat. 620; Evans v. Lohr, 2 Scam. 511; Wallace v. Curtis, 36 Ill. 156; Com. Ins. Co. v. Treasury Bank, 61 Ill. 482.

That the court has power to order a case tried out of its order, Rev. Stat. 777; Linnenmeyer v. Miller, 70 Ill. 244.

That the plea of *non est factum* admits all the material allegations of the declaration, denying merely the execution of the bond, Pritchett et al. v. The People, use, etc. 1 Gilm. 525.

BAILEY, J.  This was an action of debt upon an appeal bond given upon an appeal from a judgment of the Superior Court of Cook county to the Supreme Court.

The declaration alleges that on the 17th day of April, 1876, one Patrick L. Garrity as principal, and appellant as surety, executed to appellees an appeal bond in the penalty of $1,500, which bond, after reciting the recovery on the 6th day of April, 1876, of a judgment in said Superior Court in favor of appellees against said Garrity for $934.49 and costs, and the taking of an appeal therefrom to the Supreme Court, was conditioned for the prosecution of said appeal and the payment of said judgment, interest, costs and damages, in case of the affirmance of said judgment by the Supreme Court.

The declaration further alleges an affirmance of said judgment by the Supreme Court on the 22d day of June, 1877, and the non-payment thereof by said Garrity.

The suit was originally commenced against appellant and Garrity jointly, who both appeared and filed their pleas of *nil debet.*  Subsequently Garrity was adjudicated a bankrupt, and thereupon filed a certified copy of the order of adjudication of bankruptcy, and asked that the proceedings in the suit be stayed, as to him, to await the determination of the bankruptcy court on the question of his discharge.  Leave was thereupon granted appellees on their motion, against the objection and exception of appellant, to discontinue the suit as to Garrity, and to file an amended declaration against appellant alone.  The suit was subsequently prosecuted and judgment

rendered against appellant, from which judgment this appeal is prosecuted.

The first error assigned is the granting of appellees' motion to discontinue the suit as to the principal obligor, before the result of the bankruptcy proceedings was determined, and permitting appellees to proceed to judgment against the surety alone.

We are referred, in support of this assignment, to the recent case of Byers v. The First National Bank, 10 Legal News, 108, in which the Supreme Court hold that in such cases the proper practice is to proceed with the suit against all the defendants to final judgment, notwithstanding the adjudication of bankruptcy, and then enter an order staying execution against the bankrupt until the question of his discharge is determined.

It cannot be doubted that it would have been a proper practice had appellees pursued the course thus indicated by the Supreme Court, but it does not follow that no other course of proceeding was open to them. The obligation which is the foundation of the suit, is, by the statute declared to be both joint and several, and appellees were at liberty to treat it either as joint or several. Their suit might properly in the first instance have been brought against appellee alone, and their bringing suit against both obligors jointly, did not debar them of the right to discontinue as to one obligor and proceed to judgment against the other. This right existed wholly independent of the bankruptcy proceedings, or the provisions of the bankrupt act, and the mere fact that one of the obligors was adjudicated a bankrupt did not divest it.

The next error assigned is the sustaining of a demurrer to appellant's third and fourth pleas.

These pleas allege that on the day of the rendition of the judgment against Garrity, an execution was issued thereon, which, on the following day, and before the filing of the appeal bond, was levied upon a sufficient amount of the goods and chattels of Garrity to satisfy the judgment, and that such levy is still in full force. The fourth plea further avers the execution by Garrity to the sheriff of a delivery bond, conditioned

Smith v. Lozano et al.

for the safe keeping of said property and the return thereof to the officer according to law, and that said property then and there was, and still is, in the possession of said sheriff.

The theory of these pleas is that by this levy the judgment against Garrity was satisfied, in contemplation of law, before the execution of the appeal bond, and that appellees cannot now insist that said judgment is outstanding and unpaid.

It is undoubtedly true that a levy upon a sufficient amount of personal property, is, for some purposes, deemed in law to be a satisfaction of the judgment, but it is a satisfaction *sub modo* only, and if, without the fault of the officer or plaintiff the levy becomes unavailing, it is not a satisfaction of the judgment. Rorer on Judicial Sales § 1,012; Curtis v. Root, 28 Ill. 367; Smith v. Hughes, 24 Id. 276; Green v. Burke, 23 Wend. 490.

But we think the obligors are estopped by their bond to deny the existence of a valid, unsatisfied judgment, at the time the bond was executed. The bond recites a judgment, and covenants for its payment upon its affirmance by the Supreme Court. Such covenant is wholly inconsistent with the position that the judgment was already paid.

Again, although it is true that a levy was made sufficient to satisfy the judgment, yet before such levy was made available for the purpose of actual payment, the obligors, by interposing their appeal bond, suspended all proceedings under it, they undertaking to pay the judgment themselves, in case of an affirmance. It would be in violation of both legal and equitable principles to permit them now to insist that the levy with the operation of which they had thus interfered, and which they had been permitted to suspend upon their express undertaking to pay the judgment themselves, was itself a payment and satisfaction of the judgment, and a discharge in advance of the liability assumed by them upon the execution of their bond.

It is next urged that the judgment should be reversed on account of the failure of appellees to prove on the trial that the judgment appealed from had been affirmed by the Supreme Court.

The record fails to show that such proof was made, and we therefore think the evidence insufficient to support the verdict, unless the fact of such affirmance was admitted by the pleadings. The third and fourth pleas being held insufficient on demurrer, the only pleas remaining in the case were, first, *non est factum*, and second, payment of said judgment in full on the 6th day of April, 1877.

By the plea of *non est factum*, appellee merely denied the execution by him of such a bond as was described in the declaration. This was the only fact put in issue by that plea, and appellees fully made out their case, so far as that plea was concerned, by the introduction of such a bond as they had declared on. Pritchett et al. v. The People, 1 Gilm. 525; Legg v. Robinson, 7 Wend. 194; Gardner v. Gardner, 10 Johns. 47; Uttler v. Vance, 7 Blackf. 514.

The plea of payment is a plea in confession and avoidance, and consequently put in issue no averment of the declaration. The averment that the judgment was affirmed not being traversed by any plea, was admitted, and appellees were not bound to prove it.

The only remaining error assigned, is the order of the court below directing this cause to to be taken up and tried out of its regular order on the docket under the provisions of a rule of the Superior Court known as the "five-day rule."

The question of the validity of this rule of practice of the Superior Court is not now an open one, the rule having been repeatedly held by the Supreme Court, to be inconsistent with the general law, and therefore void and of no effect. Fisher v. National Bank of Commerce, 73 Ill. 34; Kidder v. Rand et al. Id. 38. See also, McCormick v. Wells, 83 Id. 239.

But it is insisted that even admitting the invalidity of this rule, the order of the court below may be sustained as an exercise of the discretion, to try causes out of their order "for good and sufficient cause," vested in the court by § 16 of the Practice Act, and that it will be presumed that some good and sufficient cause existed, justifying, in this case, the exercise of the discretion.

Were the record silent as to the grounds upon which the

court below acted, in directing this cause to be taken up and tried out of its order on the docket, such presumption, perhaps, might be indulged in.    But it affirmatively appears from the record, that the proceeding by which the cause was taken up and tried out of its order, was under said "five-day rule," *and not otherwise.*    Any presumption of the exercise by the Court of its discretion upon any other "good and sufficient cause" is excluded, and the action of the court in that behalf must find its justification in the rule alone.

For the error committed by the court below in ordering this cause to be tried out of its order on the docket under the "five-day rule," the judgment must be reversed and the cause remanded.

Reversed and remanded.