D. W. OSBORNE & CO.

v.

THEODORE B. WILLIAMS ET AL.

*Assignments—Replevin against Assignee—Jurisdiction of Circuit Court —Record of Deed of Assignment.*

1. The Circuit Court has no jurisdiction to entertain an action of replevin against an assignee in possession of the property sought to be replevied under a valid deed of assignment.

2. Under the statute, the deed of assignment is to be recorded in the recorder's office of the proper county, and its record in the County Court is not a necessary condition to the validity of the assignment and the taking of jurisdiction thereof by that court.

[Opinion filed February 4, 1890.]

APPEAL from the Circuit Court of Union County; the Hon. GEORGE W. YOUNG, Judge, presiding.

Messrs. D. W. KARRAKER and MILLS & FLITCRAFT, for appellant.

Messrs. TOWNSEND N. FOSTER and H. F. BUSSEY, for appellee.

REEVES, P. J. On the 3d day of September, 1888, appellee Theodore B. Williams made a general assignment for the benefit of his creditors to appellees Willard, Maxey & Willard, under the statute in relation to such assignments.

The assignment was, on the same day, filed for record in the recorder's office of Union county, that being the county where Williams resided and did business. Upon the making and delivery of the deed of assignment, the assignees took possession of the property mentioned in the schedule accompanying the deed of assignment. Their bond was filed in the County Court, September 11, 1888. The assignees filed the deed of assignment in the recorder's office, and immediately took possession of the assigned property, and set about making an inventory. It took some days to complete the inventory and valuation of the property, and this was deemed necessary in order to fix the amount of the bond which the assignees should give. It was agreed that certain mowers and other machinery involved in the suit were included in the property assigned by Williams to Willard, Maxey & Willard and that they took possession of the same as assignees and inventoried the same.

On the 15th day of September, 1888, appellant replevied the property in controversy from the assignees, and a trial

was had upon pleas of *non cepit, non detinet,* and a plea of property in defendants, Willard, Maxey & Willard, as assignees of Williams, and replication to the last plea, and resulted in a finding of the issues for the defendants.  To reverse this judgment an appeal was prayed and allowed to this court.

Unless appellees failed to establish their claim to this property as assignees of Williams, this suit can not be maintained. If the assignment under which appellees claimed was a valid assignment, then the Circuit Court had no jurisdiction to try the question sought to be litigated in this case.  It is conceded that the property in controversy had passed into the possession of appellees, claiming it as assignees of Williams by virtue of his deed of assignment under the statute.  If the deed was valid, then the County Court had exclusive jurisdiction to hear and determine the rights, whatever they may be, of appellant to this property.  This must be conceded. Colby v. O'Donnell, 17 Ill. App. 473; Hanchett v. Waterbury, 115 Ill. 220.

But it is contended that the jurisdiction of the County Court did not attach until the deed of assignment was recorded in the County Court, and this was not done until the writ of replevin was sued out and executed, if it was so recorded at all.  The act relating to voluntary assignments contains but one requirement as to the record of the deed of assignment, and that is that it shall be recorded in the county where the assignor resides, or where the business in respect of which the same is made, is carried on.  In Farwell v. Cohen, Chicago Legal News, June 22, 1889, the Supreme Court hold that the recorder's office is the place where the deed should be recorded. True, in the same case it is said that Sec. 3 of the statute requires the deed to be also recorded in the County Court, but it would seem that this was inadvertently said, as this section does not contain any such requirement.  The full text of this section is as follows :

" Section 3.  That the assignee or assignees shall forthwith file with the clerk of the County Court where such assignment shall be recorded, a true and full inventory and valuation of said estate, under oath or affirmation, so far as the same has

come to his or their knowledge, and shall then and there enter into bonds to the people of the State of Illinois, for the use of the creditors, in double the amount of the inventory and valuation, with one or more sufficient sureties to be approved by said clerk, and the said clerk shall give a receipt therefor, and the assignee or assignees may thereupon proceed to perform any duty necessary to carry into effect the intention of such assignment as respects the collection of debts and the sale of real or personal estate."

Doubtless the Legislature intended that before the County Court should assume jurisdiction under the act, it should be made to appear to the court that a deed of assignment had been made, and that it had at least been filed for record in the place where the act required it to be recorded. But if the recorder's office be the place where the record should be made, we fail to see in the act any requirement that it should be a second time recorded, and fail to see any necessity for such second record. The record in the recorder's office would always be accessible, if the original should be lost.

When the deed of assignment is recorded in the recorder's office, the appropriate place for it would be in the County Court, where all proceedings in relation to the property assigned must be had. To hold that the County Court could acquire no jurisdiction, and that the deed of assignment would not be so far valid as to protect the possession of the property assigned, in the assignees, until it was recorded in the County Court, would, if it be assumed, as decided in Farwell v. Cohen, that it must first be recorded in the recorder's office, give creditors and claimants of the assigned property sufficient time, while the deed of assignment was being recorded in the recorder's office, where the work of recording is usually not done for several days after the filing for record, to attach or replevy the property and thus remove it from the operation of the assignment. In this case, the assignees immediately filed the deed for record in the recorder's office and took possession of the property, and as soon as they could complete the inventory and valuation required by section three they filed the same with the clerk of the County Court and gave the bond required by same section. We must assume that

before they were permitted to complete these steps, the County Court, through its clerk, had knowledge of the fact that the deed of assignment had been executed and acknowledged, and filed for record in the recorder's office.   These are the facts, which, taken in connection with the making and filing with the clerk of the inventory and valuation, and execution of the assignees' bond, pass the title to the property to the assignees; and if after the making, acknowledging and delivery of the deed, and the delivery of the possession of the property to the assignees, and the filing of the deed for record in the recorder's office, the assignees move promptly and without unreasonable delay to make and file with the County Court the inventory and valuation of the property and give the bond, the title not only passes to the assignees but relates back to the time when the deed and the possession of the property were delivered to the assignees.

The right of appellant to pursue his remedy in the County Court will not be barred by this proceeding.   The judgment of the Circuit Court is reversed, for the reason that it had no jurisdiction to try the cause, and the cause is remanded to the Circuit Court, with direction to dismiss the suit and award a *retorno.*

Inasmuch as appellant instituted the suit, the costs of the court are adjudged against it.

*Reversed and remanded.*