## Charles C. Landt et al. v. J. C. McCullough.

### Gen. No. 12,906.

1. NON EST FACTUM—*what plea of, in action of debt, puts in issue.* Such a plea in such an action only puts in issue the giving of the deed; it admits all other material allegations of the declaration.

2. EXECUTION—*when proof of, need not be made.* In an action of debt, proof of signature of the deed declared on need not be made where the plea interposed is not verified.

3. FORMER ADJUDICATION—*effect of, in Appellate Court.* The decision of the Appellate Court rendered in one appeal in a cause becomes the law of the case with respect to such case and is binding upon the Appellate Court in a second appeal taken therein.

Action of debt. Error to the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in this court at the March term, 1906. Affirmed. Opinion filed December 13, 1906.

**Statement by the Court.** The defendant in error was the plaintiff below in an action of debt brought by him against the plaintiffs in error.

The suit was brought on the following bond:

"Know all men by these presents, that we, Charles C. Landt and Will H. Moore, are held and firmly bound unto James C. McCullough in the penal sum of five thousand dollars ($5,000.00) lawful money of the United States, for the payment of which, well and truly to be made, we bind ourselves, our heirs and legal representatives, jointly and severally, firmly by these presents.

In witness whereof, we have hereunto set our hands and seals this October 12th, 1892.

The condition of the above obligation is such, that if the said Landt and Moore, or their assigns, shall fully comply with the conditions of a certain lease dated March 20th, 1889, from said McCullough to one James M. Stebbins and assigned by said Stebbins to said Landt and Moore, as to the erection of buildings on a portion of the ground described in said lease, then this obligation to be null and void; otherwise in full force and effect.

Charles C. Landt,    [Seal]<br>Will H. Moore.    [Seal]"

After various amendments to the declaration originally filed had been made, and various pleas and demurrers had been filed by the defendants and disposed of, the cause finally stood upon one original and three additional counts of the declaration and a general and special demurrer to each of them.

The Superior Court in December, 1902, sustained the demurrer, and the plaintiff electing to stand by his declaration, the court entered a judgment of *nil capiat* and for costs against the plaintiff, from which he appealed to this court. This court held that the demurrer had been improperly sustained, and reversed the judgment and remanded the cause. McCullough v. Moore et al., 111 Ill. App. 545. Thereupon it was redocketed in the Superior Court.

After some additional pleadings and orders and stipulations relating thereto, the cause stood for trial on the original declaration (amended by an increase of

the *ad damnum*), and five additional counts thereto, and on a plea of *non est factum* (unverified) pleaded by the defendants. The declaration as thus amended contained a count (the second additional count) described in the opinion of this court in McCullough v. Moore et al., *supra,* which set out the bond *in haec verba* and also *in haec verba* the lease and assignment of the same referred to therein, and then averred the breach of the condition of said bond, by which it became forfeited and by which an action had accrued to the plaintiff to demand of defendant the sum of $5,000.

In this condition of the pleadings the cause was, October 5, 1905, submitted to a jury in the Superior Court. The plaintiff produced the bond in evidence. It was objected to because the signature was not proven, and also because the bond was void for uncertainty arising from the vagueness of the bond itself and of the part of the lease to which it referred. These objections were overruled by the court and the bond admitted. Thereupon, after a compilation of interest on $5,000 for eight years and five months at five per cent. at $2,103, the plaintiff rested.

The defendant asked the court to instruct the jury, first, that plaintiff had failed to make out a cause of action; second, that the plaintiff having failed to prove any actual or special damages from the breach of the bond, the jury should not assess plaintiff's damages at more than a nominal amount; and third, that under the pleadings and evidence the plaintiff was not entitled to recover against the defendants more than nominal damages.

These proffered instructions were marked refused by the court, which thereupon gave to the jury an instruction to find the issues for the plaintiff and assess his damages at $7,103. A verdict was rendered accordingly. A motion for a new trial was overruled by the court, and judgment entered on the verdict. To reverse this judgment the present writ of error was sued out.

JOHN S. HUEY, for plaintiffs in error.

E. W. ADKINSON, for defendant in error.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

The three points made by the plaintiffs in error in their argument are:

First. The evidence was insufficient in law to support the verdict.

Second. The bond, even with the lease read into it and offered in evidence, would have been so "vague, uncertain, indefinite and unintelligible as to render it void."

Third. The bond is a penal bond, and the penalty cannot be construed as a sum absolute, but the damages must be proven.

In support of the first point the argument is that no proof of the lease mentioned in the bond, nor any proof of the breach of the condition of the bond, having been made by the defendant in error, the verdict was unwarranted. But the answer is, that as the only plea in the cause was *non est factum*, no such proof was necessary.

By the common law this plea in an action of debt on a specialty only put in issue the giving of the deed, and it was not necessary for the plaintiff to prove the averments or breaches contained in his declaration —the plea admitted all material averments. Chitty on Pleading (9th American Edition), vol. 1, p. 483, note 2; Gardner v. Gardner, 10 Johns. Rep. 47; Legg v. Robinson, 7 Wend. 194.

This has always been and is now the law of Illinois. Pritchett et al. v. People, 1 Gilman, 525, p. 530; Rudehill et al. v. Jefferson Co., 85 Ill. 446; Smith v. Lozano et al., 1 Ill. App. 171, p. 176; King v. Sea, 6 Ill. App. 189, p. 192; Sugden v. Beasley, 9 Ill. App. 71, p. 73; Oberne v. Gaylord, 13 Ill. App. 30; Shunick

v. Thompson, 25 Ill. App. 619, p. 326; Osborne & Co. v. Rich, 53 Ill. App. 661, p. 665.

No proof of the signature of the bond was required, for the plea was not verified. Rev. Statutes, chap. 110, sec. 33.

The other contentions made by the plaintiffs in error are not open to them in this cause in this court. The law of the cause on the questions involved in them for this and the lower court, is laid down in McCullough v. Moore et al., 111 Ill. App. 545. As appellees in that cause, the present plaintiffs in error pressed the same arguments and cited the same authorities. The decision was adverse to them, and unless reversed by a higher tribunal must remain the law of the cause.

The judgment of the Superior Court is affirmed.

*Affirmed.*