GRIFFIN *against* PRATT and another :

IN ERROR.

*June* 16.

To authorize an order from a court of probate, which is a court of limited jurisdiction, for the sale of all the property of the deceased, it must appear, that the estate was duly represented insolvent, that commissioners were duly appointed, and that a report of the commissioners, shewing the estate to be insolvent, was duly made and accepted.  Therefore, where the replication to a plea of performance to an action on a probate bond, averred, " that the administrator caused the estate of the deceased to be represented insolvent, and after the debts had been ascertained by commissioners, the court of probate gave order to the said administrator, to sell all the estate," &c., it was held, that this was an insufficient averment of the facts , indispensible to authorize such order of sale.

Where the replication to a plea of performance to an action on a probate bond, averred, " that the administrator, under colour of authority from the court of probate, and with intent to defraud the creditors of the estate out of their just debts, sold real estate of the deceased, which was of the value of 2695 dollars, for 800 dollars ;" it was held, that this averment was insufficient, for uncertainty in the description of the estate so sold.

Where a party totally omits to allege a matter in the pleadings essential to his action or defence, and not implied in the allegations made, the defect is not cured by verdict ; because every such matter, being traversable, must be alleged, that it may be put in issue.

THIS was an action of debt, brought by *Joab Griffin,* jun. Esq., as judge of the court of probate for the district of *Granby*, on a bond, executed by *Nathaniel Pratt* and *Sadoce Wilcox*, conditioned for the faithful performance, by *Pratt*, of the duty of an administrator of the estate of his father, *Nathaniel Pratt*, deceased.  The defendants pleaded performance, generally.  The plaintiff replied as follows : " That the defendants have not kept and performed the condition of said bond, but have broken the same, in this, that the said administrator caused said estate to be represented insolvent, and after the debts had been ascertained by commissioners, the court of probate for said district of *Granby*, gave orders to the said administrator to sell all the estate, both real and personal, of said deceased, either at public or private sale ; and the said administrator, under colour of said authority, and with intent to defraud the creditors of said estate out of their just debts, sold real estate of said deceased, which had been appraised at, and was of the full and just value of, 2695 dollars, for 800 dollars, and no more, although the same might

*Hartford,*
*June,*
*1821.*

*Griffin*
*v.*
*Pratt.*

have been sold for a much larger sum, *viz.* the sum of 2000 dollars, so that the creditors have, under said sale, become entitled to only 38 cents on the dollar of their respective debts; and so the said administrator hath wasted the estate of the deceased, and hath not well and truly administered the same, according to the condition of said bond." The defendants traversed the alleged fraudulent sale and wasting of the estate of the deceased, by the administrator; on which issue was joined. The jury found a verdict for the plaintiff, with 1000 dollars, damages. The defendants moved in arrest of judgment, on the ground of the insufficiency of the replication. The court arrested the judgment, and awarded a repleader; whereupon, the plaintiff brought the present writ of error.

*Daggett* and *J. W. Edwards,* for the plaintiff in error.

*N. Smith* and *T. S. Williams,* for the defendants.

Hosmer, Ch. J. The plaintiff has brought his action on the penal part of a bond, given to him, by the defendants, for the faithful performance of the duty of an administrator. The defendants pleaded performance; and the plaintiff replied, stating a number of facts, to shew that the condition of the bond had been broken. For the supposed insufficiency of the replication, judgment was arrested, and a repleader awarded; and, whether this determination was correct, is the only question.

To a plea of performance to debt on bond, given to perform covenants mentioned in the condition of it, the plaintiff, in his replication, must state a sufficient breach. The object of the replication, in this case, was, to shew, that there had been a legal order to sell all the estate of the deceased; and that the administrator fraudulently sold property of the value of 2000 dollars, for the sum of 800 dollars only.

As to the legality of the order to sell. All the property of the deceased was directed to be sold; to authorize which, it must appear, that the estate was duly represented insolvent, that commissioners were duly appointed, and that a report of the commissioners, shewing the estate to be insolvent, was duly made and accepted. In all these particulars, the replication is manifestly deficient. It is said, that the administrator caused the estate to be represented insolvent, but *to what*

*court*, the replication is silent; that commissioners were appointed, but *by whom*, is not averred; and that the commissioners ascertained the debts; but it is not alleged, nor does it in any manner appear, that they ever reported their doings, or that they were accepted, or that the estate was insolvent. The facts indispensible to give authority for an order of sale, have not been averred; and the mandate of the court, whose jurisdiction is limited, and entirely dependent for its exercise on the preceding facts, was clearly extrajudicial.

Then, as to the sale complained of; there is the most manifest insufficiency in the averments of the replication. There is no description of the estate sold, nor any location. The defendants have never been apprised, with any precision or certainty, what they were called on to defend against; nor does it appear, that the estate averred to have been sold, was in the inventory, or *within the state*, and of consequence, it is not apparent, that the condition of the bond extended to the property disposed of.

It has been contended, that the imperfections of the replication, are cured, by the verdict of the jury. This must be admitted, so far as respects the omission to specify the time, at which the acts alleged in the replication were done, the giving no rule of damages, and other *defective* statements; but the verdict has not remedied, and cannot remedy, the defects in the ground or right of recovery. The omission to allege a matter in the pleadings, essential to the action, unless it may be implied from the allegations made, is never cured by verdict; because every such matter, being traversable, must be averred, that it may be put in issue. The omission to allege loss of service in an action brought by a master, for an injury done to his servant; (1 *Bulstr.* 163.) or to allege that the defendant knew that his bull was accustomed to run at persons, in trespass for keeping a bull thus accustomed; (*Buxendin* v. *Sharp*, 2 *Salk.* 662. *Sayer* 282.) or to aver notice of the dishonour of a bill of exchange; (*Rushton* v. *Aspinall*, *Doug.* 679.) or in an action of debt for the penalty of 50*l.*, on the 19. *Geo.* II. *c.* 30. for impressing a mariner, to negate in the declaration his desertion from any of His Majesty's ships; (*Spieres* v. *Parker*, 1 *Term Rep.* 141.) has, in each of the cases specified, been considered a defect utterly incurable. The principle in *Rushton* v. *Aspinall*, is thus declared, by Lord *Mansfield:* "That where the plaintiff has

<div style="margin-left-note">
Hartford,
June,
1821.

Griffin
v.
Pratt,
</div>

stated his title, or ground of action, defectively or inaccurately, it is a fair presumption, after verdict, that they were proved; but where the plaintiff totally omits to state his title, or cause of action, it need not be proved at the trial, and therefore, there is no room for presumption." And with respect to presumptions after verdict, it is said, by *Buller*, J., in *Spieres* v. *Parker*, " Nothing is to be presumed, but what is expressly stated in the declaration, or what is necessarily implied from those facts which are stated." In this case, the facts wholly omitted by the plaintiff, and not presumable from others which are averred, were of the *gist* of his replication; and, of consequence, his ground of recovery is totally defective. It results, that the arrest of judgment was correct; and that no error has intervened.

CHAPMAN and BRAINARD, Js., concurred fully in this opinion.

PETERS and BRISTOL, Js. thought, that the replication was insufficient, for uncertainty in the description of the property sold; and to this point, they restricted their remarks.

<div style="text-align:right">Judgment affirmed.</div>