King v. Sea.

Mr. John C. Richberg, for defendant in error.

## James King
### v.
## Mary W. Sea.

1.   Practice—Curing Error by Verdict.—The general rule is that a verdict will aid a title or cause of action imperfectly set out, but not an imperfect title or cause of action; and where the declaration does not set out a cause of action, the statute of amendments and jeofails does not apply.

2.   Intendment after Verdict.—In an action of covenant upon a deed, the plea of *non est factum* only puts in issue the giving of the deed, and it

is not necessary for the plaintiff to prove the averment as to a breach, that is admitted; therefore there can be no intendment after verdict that proof was made of facts sufficient to show a breach.

3.  COVENANT—BREACH.—Where a deed covenanted against all claims except a certain incumbrance of $10,000, and taxes, etc., there is no breach of the covenant by reason of unpaid interest remaining due upon the incumbrance. The principal sum is expressly excepted, and this draws with it the unpaid interest.

ERROR to the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Opinion filed March 29, 1880.

Mr. EDWARD W. RUSSELL and Mr. RUFUS C. HALL, for plaintiff in error; that the declaration is so defective it will not sustain the judgment, and error will lie, cited Wilson v. Meyrick, 26 Ill. 34; Haynes v. Lucas, 50 Ill. 436; Kipp v. Lichtenstein, 79 Ill. 358; Addington v. Allen, 11 Wend. 375; Bartlett v. Crozier, 17 Johns; Com. Ins. Co. v. Treas. Bank, 61 Ill. 482.

Mr. H. O. McDAID, for defendant in error.

McALLISTER, J. This was an action of covenant, brought by Mary W. Sea, against James King, in the Superior Court of Cook county, upon a covenant against incumbrances contained in a deed of real estate, from the latter to the former, dated Aug. 10, 1876. The declaration contains but one count, as follows:

"For that, whereas, the defendants, on the 10th day of August, 1876, in the county of Cook aforesaid, by their deed, bearing date of that day, and now to the court here shown, for the consideration therein mentioned, did grant, bargain and sell to the plaintiff, her heirs and assigns, a certain parcel of land, in the said deed particularly described, situate in the county of Cook aforesaid, to have and to hold the same to the plaintiff, her heirs and assigns forever; and that the defendants did by the said deed covenant with the plaintiff, her heirs and assigns, amongst other things, that at the time of the ensealing and delivery of the said deed, the said parcel of land was free and clear from all former or other grants, bargains, sales,

liens, except a certain mortgage, given by Willard N. Bruner and Charles E. Bruner and wife, to. the Connecticut Mutual Life Insurance Company, to secure the payment of ($10,000) ten thousand dollars, on June 14, 1878, with interest at the rate of nine per cent. per annum, from Decenber 14, 1875, and also except all taxes and assessments of every kind and nature now due on said premises, but on the contrary thereof, there was due on said premises the sum of four hundred and fifty dollars for interest upon the said sum of ten thousand dollars above named, which said sum of interest money is still unpaid, and the said parcel of land is still chargeable with the payment thereof; and so the plaintiff saith that the defendants have not kept their covenant aforesaid, but have broken the same, to the damage of the plaintiff of one thousand dollars, and therefore she brings suit, etc."

The only plea was *non est factum.*

The case was tried by jury on that issue, in the absence of defendant or his attorney, and a verdict for plaintiff, assessing her damages at $499.50, on which the court gave judgment.

The defendant brings error, assigning for error that the declaration fails to show a cause of action.

No cause of action appears on the face of the count, because it appears that the interest on the ten thousand dollars alleged to be unpaid, and a charge upon the premises was excepted out of the operation of the covenant, the same as the principal. The plaintiff has stated facts subversive of her title or cause of action. Bishop v. Hayward, 4 Term. R. 470. The general rule is that a verdict will aid a title or cause of action imperfectly set out but not an imperfect title or cause of action. Where no cause of action at all is set out, the statute of amendment and jeofails, does not apply; the rule is, as at common law, and error will lie. Neither will such total defect be cured by verdict. Rushton v. Aspinall, 2 Doug. 679; William v. Turnpike Co., 4 Pick. 341; Needham v. McAuley, 13 Vermont, 68; Carlisle v. Weston, 1 Metcalf 26; Griffin v. Platt, 3 Conn. 513.

But there is another reason why there can be no intendment here after verdict. The principle on which such intendments

in some cases, will be regarded as curing defects in the declaration after verdict, is this: where there is any defect, imperfection or omission, in any pleading, in substance or form, which would have been a fatal defect upon demurrer, yet, if the issue joined be such as necessarily required at the trial, proof of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given the verdict, such defect, imperfection or omission is cured by the verdict. 1 Chit. Pl. 673; Stennell v. Hogg, 1 Saunders, 228 and notes. But defendant in error cannot invoke that rule, because here the only plea was *non est factum.* This plea only put in issue the giving of the deed, and it was not necessary under it for the plaintiff to prove the averment as to the breach of the covenant; that was admitted. Gardner v. Gardner, 10 Johns 47; Legg v. Robinson, 7 Wend. 194; Courcier v. Graham, 1 Ohio, 330. Therefore there can be no intendment after verdict that proof was made of facts sufficient to show a breach. The judgment of the court below must be reversed and the cause remanded.

Reversed and remanded.