The ·Chicago, Burlington and Quincy Railroad Company

*v.*

Samuel P. Dickson.

*Filed at Ottawa October 31, 1892.*

1. CONTRIBUTORY NEGLIGENCE—*evidence tending to disprove.* In an action against a railway company to recover for a personal injury caused by negligence, where the contract for the shipment of stallions prohibited the plaintiff from riding in the same car with the horses, it is not error to allow the plaintiff to prove that in shipping two stallions in the same car it was necessary for some one to be in the car with them, and also that there was a custom existing between the company and shippers of stallions and other valuable horses, that a person might accompany the stock and take care of the same. Such evidence is competent, as tending to show a waiver of the prohibitory clause in the contract.

2. SAME—*evidence rebutting presumption.* In such case, if the plaintiff, at the time of the accident, was riding in a car not provided for passengers, but one where his presence was not required in order to protect his property, and one which he was prohibited from occupying,· it might be claimed he was guilty of such negligence as to preclude a recovery. But if it was absolutely necessary for him to ride in such car, and the company had waived the prohibition and consented that he might ride in the same car with the horses, evidence tending to prove these facts was competent.

3. SAME—*instruction excluding proper evidence from the jury.* In an action against a railway company to recover for a personal injury received by the plaintiff while riding in a car with his horses being shipped under a contract which, on its face, prohibited him from riding in such car, if the evidence tends to show that the defendant waived the clause in the contract prohibiting the plaintiff from riding in the car with the horses, and consented for him to do so, an instruction asked by the defendant to the effect that the plaintiff had no right to ride in such car, and if the injury was received while so riding therein he can not recover, is rightfully refused, as excluding from the consideration of the jury all evidence bearing on the right of the plaintiff to ride in the car with his horses.

4. VARIANCE— *between allegation and proof, in action for negligence.* The law is well settled that in actions based on negligence the allegations of the declaration and the proofs must agree. The plaintiff can not charge in his declaration a specific act of negligence, and succeed

on the trial by proving another act of negligence wholly different from that charged.

5. Instructions—*abstract proposition, when harmless.* Instructions should always be predicated upon the evidence in the case, but the giving of a mere abstract proposition to the jury, in an instruction, is not ground for a reversal of a judgment, unless the giving of the same is calculated to mislead the jury.

6. Practice—*objection to evidence for variance and waiver.* An objection to evidence on the ground of variance must be specifically made in the trial court, either by motion to exclude the same or by instruction to the jury, so as to afford an opportunity to obviate the same by amendment, or it will be treated as waived, and can not be raised in this court.

Appeal from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. Dorrance Dibell, Judge, presiding.

This was an action brought by Samuel P. Dickson, against the Chicago, Burlington and Quincy Railroad Company, to recover for an injury alleged to have been received on the 13th day of November, 1888, while the plaintiff was a passenger on one of the defendant's freight trains going from Sheridan, in LaSalle county, to Chicago, caused by collision of the defendant's trains at or near Downer's Grove.

It is alleged in the declaration that the plaintiff became a passenger on a certain train of the defendant on the said railroad, to be carried, and was thereupon accordingly then carried, on the said train, for a certain reward to the defendant in that behalf. The declaration alleges due care on the part of the plaintiff, and then avers the carelessness of the defendant, as follows: "The defendant carelessly and negligently caused one of its said trains to be run into the said train upon which the defendant was then being carried, as aforesaid, and because of the collision of said trains, as aforesaid, the plaintiff was thrown with great force and violence against the side of the car wherein he was being conveyed, as aforesaid, by means whereof he, the plaintiff, was greatly bruised and in-

24—143 Ill.

jured, and thereby the plaintiff was obliged to, and did then and there, lay out divers large sums of money, amounting to, to-wit, $1000, in and about endeavoring to be cured." This is the only charge of negligence contained in the declaration, and the record contains no evidence that the accident which resulted in the plaintiff's injury resulted from a collision of trains.

The facts, as they appear in the record, are these: On the 13th day of November, 1888, one Edgar Seaman shipped by rail from Sheridan, a station on the Burlington road, in La-Salle county, two stallions for Chicago. He loaded the two horses in what is called a combined freight and stock car, and put appellee in charge of the stallions, to take care of them on the way and to receive them in Chicago. The car left Sheridan about noon on the day mentioned. When the car reached Aurora (a junction of several railroads) another train was "made up" for Chicago, with a different crew in charge of it. At the request of appellee this car of stock was placed next to and immediately in front of the way-car. Appellee got into the car with the two stallions, and the train started for Chicago. When within a half or three-quarters of a mile from Downer's Grove, the train running about ten miles an hour, from some unknown cause the car next to the engine left the track, and other cars following it, to the number of about twenty, were derailed. About twenty cars in the rear end of the train, including the car occupied by the plaintiff, remained upon the track in good order. The plaintiff, however, claims, that by the sudden stopping of the car he occupied, he was thrown from the middle of the car, where he was sitting, to the end of the car,—a distance of fifteen feet,—striking the end of the car with his back, and thus injured.

At the place where the accident occurred there were three main tracks. One of the derailed cars—about the fourth one from the engine—ran so far out of line that its forward end crossed the middle main track and went over to the north

main track and tipped over upon its side, with one corner obstructing the north main track. A passenger train running in the opposite direction upon the north main track, before it was discovered, ran upon that freight car in such a manner as to partially overturn the passenger engine toward the north side of its track. This, however, did not in the least injure or disturb the plaintiff or the car he occupied.

Mr. Samuel Richolson, and Mr. O. F. Price, for the appellant.

Mr. Bird Bickford, and Messrs. O'Connor, Duncan & Eckels, for the appellee.

Per Curiam: The first question relied upon in the argument to reverse the judgment is, that there is a fatal variance between the negligence charged in the declaration, and the proof, and for that reason it is claimed that the judgment is erroneous. The law is well settled, that in a case of this character the allegations of the declaration and proofs must agree, and a plaintiff can not charge in his declaration a specific act of negligence, and succeed on the trial by proving another act of negligence wholly different from that charged. (*Chicago, Burlington and Quincy Railroad Co.* v. *Bell,* 112 Ill. 360.) But while the general rule of law on this subject is well settled, the question arises whether the defendant is in a position to avail of that question.

Upon looking into the record it will be found that on the trial no objection was made by the defendant to the introduction of the evidence on the ground of variance, or on the ground that it did not tend to prove the negligence alleged in the declaration, nor was the court requested to instruct the jury on that question. No objection having been made to the introduction of the evidence in the trial court, and no question of variance having been raised, by motion to exclude the evidence, or otherwise, can that question be raised for the first

time on appeal? Under the former decisions of this court we must give a negative answer to the question. In *Wabash, St. Louis and Pacific Railway Co.* v. *Coble*, 113 Ill. 115, where a similar question was raised, it was held, this court will not consider a question of variance in the allegations and proofs when no motion has been made in the trial court to exclude the evidence on the ground of variance, or for an instruction to the jury in respect of the same. In *Indianapolis and St. Louis Railroad Co.* v. *Estes*, 96 Ill. 470, the question also arose, and it was there held, an objection to the admission of evidence in the trial court upon the ground of an alleged variance between the allegations in the declaration and the proof, can not avail in this court unless that specific ground of objection was made in the trial court, as, had the objection been made, it could have been obviated by an amendment of the declaration.

There are numerous cases to be found in this State where it has been held that the allegations and proofs must agree; that a party can not allege one ground of recovery in his declaration and prove another; that the negligence alleged must be proved. But while those decisions are sound in principle, at the same time, to avail of the question, objection must be interposed in the trial court. Had the question been raised in the circuit court, the plaintiff could have amended his declaration so that the allegations and proofs might agree, and the difficulty would thus have been obviated; and we think it was the duty of the defendant, if it desired to rely upon the question, to raise it in the circuit court. Having failed to do so, the question can not be raised for the first time on appeal.

Various objections are made, in the argument, to the ruling of the court on the admission of evidence, which have all been considered; but it would extend this opinion to an unreasonable length to consider in detail all of the objections made, and would be productive of no benefit to either party. We shall not, therefore, enter upon a discussion of all the ques-

tions raised. While the ruling of the court on the admission of evidence may not be technically accurate in every instance, we find no error, in this regard, of sufficient magnitude to call for a reversal of the judgment.

The contract of shipment prohibited the plaintiff from riding in the same car with the horses, and it is insisted that the court erred in permitting the plaintiff to prove that in shipping two stallions in the same car, it was necessary for some one to be in the car with the horses, and also that there was a custom existing between the defendant company and shippers of stallions and other valuable horses, that a person might accompany the stock and take care of the same. We do not regard the admission of this evidence erroneous. If the plaintiff, at the time of the accident, was riding in a car not provided for passengers such as he was, and where his presence was not required in order to protect his property, and in a car which he was prohibited from occupying by the company, it might properly be claimed that he was not in the exercise of ordinary care, and hence guilty of negligence which might preclude a recovery. On the other hand, if it was absolutely necessary, in order to protect the plaintiff's property, for plaintiff to ride in the car with the horses, and the company had waived the prohibitory clause in the contract of shipment, and consented that plaintiff might ride in the same car with the horses, evidence tending to prove these facts was competent for the jury. For the purpose of showing a waiver, the constant practice of the company to allow shippers of such stock to ride in the same car with the stock was competent.

The court modified defendant's first instruction, and it is claimed that this action of the court was erroneous. The principal modification consisted in adding the following clause to the instruction: "Unless defendant or its servants are guilty of gross or willful negligence causing such injury." We do not think the record contains evidence that defendant or its servants were guilty of gross or willful negligence. There

was therefore no evidence in the record upon which the amendment could be predicated. But we do not think the amendment could do the defendant any injury. Instructions should always be predicated upon the evidence in the case, but the giving of a mere abstract proposition of law to the jury, in an instruction, ought not to be ground for the reversal of a judgment, unless the giving of such abstract proposition was calculated to mislead the jury.

Objection is also made to a similar modification of defendant's instructions Nos. 2, 3 and 4. What was said in regard to the modification of No. 1 applies here.

The seventh and ninth instructions were slightly modified, but we perceive no valid objection to the change made by the court. Indeed, as given they were as favorable to the defendant as the facts would warrant.

Nos. 20 and 21 the court refused. No. 20 in substance told the jury that plaintiff had no right to ride in the car with the two horses, and if the injuries were received while plaintiff was riding in the car with the horses he can not recover. If the defendant waived that clause in the contract prohibiting plaintiff from riding in the car with the horses, and consented that he might do so, (and those were questions for the jury to determine,) then he was rightfully in the car, and the court could not do otherwise than refuse the instruction. Instruction No. 21 by its terms excluded from the consideration of the jury all evidence bearing on the right of plaintiff to ride in the car with the two horses, except the clause contained in the contract of shipment. For this reason, if for no other, it was erroneous, and properly refused.

In conclusion, as we find no substantial error in the record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*