### The Coal Run Coal Company v. Giles.

1. *Evidence—Admissibility Under Allegations of the Declaration.*— Under a declaration charging that dirt, waste coal, waste material and other refuse matter from the coal shaft were deposited either directly or through the agency of a stream upon the plaintiff's land, rendering it unfit for cultivation or tillable purposes, evidence of damages by water occasioned by the obstruction of the channel of the stream by the coal so as to flood his land and destroy crops by the action of the water, is inadmissible.

2. *Evidence—Admissibility Under Allegations of the Declaration.*— Under a declaration charging that the defendant occupied the premises

and operated a mine, *it was held,* that the plaintiff could not recover for an injury sustained by him from the wrongful acts of the defendant's tenants.

3. *Pleading—Liability for the Wrongful Acts of Lessees.*—Under proper pleadings a person may be made liable if he leases premises with a coal washer built upon them in such a way that its operation may inflict injury upon the premises of another, such leasing being made with the knowledge that it would be used by the tenant and results would naturally follow the proper use of it, the injury in such a case being the result of the prosecution of the business for the continuance of which the lessor would receive rent as a consideration.

**Memorandum.**—Action on the case.  Appeal from the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the May term, 1893.  Opinion filed December 12, 1893.

The statement of facts is contained in the opinion of the court.

APPELLANT'S BRIEF, BREWER & STRAWN, ATTORNEYS.

The court below erred in admitting evidence of damages done by water.  The charge is rendering the soil unfit for cultivation by deposits of slack, and not drowning out the crops.  The pleadings and proof must correspond, and plaintiff can only recover on the case made by the declaration. Guest v. Reynolds, 68 Ill. 478; T. W. & W. R. R. Co. v. Morgan, 72 Ill. 155; Ayers v. Chicago, 111 Ill. 406; Disbrow v. C. & N. W. Ry. Co., 70 Ill. 246; Ill. Central R. R. Co. v. McKee, 43 Ill. 119; Springfield v. Griffith, 21 Ill. App. 93; Consolidated Coal Co. v. Yung, 24 Ill. App. 255; C., B. & Q. R. R. Co. v. Morkenstein, 24 Ill. App. 128.

The general rule is, the owner of premises in possession of the lessee is not liable to a third person for an injury caused by want of repair.  *Prima facie,* the tenant is bound to repair and is therefore liable.  Gridley v. Bloomington, 68 Ill. 47; Union B. Mfg. Co. v. Lindsay, 10 Brad. 583; Samuelson v. Cleveland Im. Co., 49 Mich. 164, 173; Leonard v. Storer, 115 Mass. 86.

So the owner is not liable when the premises are in possession and control of a contractor.  Taylor on Landlord and Tenant, Sec. 175, note 2 (8th Ed.).

Or where the owner has parted with possession under a contract to sell.  Earle v. Hall, 2 Metc. 353.

The lessor is not liable where the use of the premises unnecessarily causes the nuisance.  Taylor on Landlord and Tenant, Sec. 175 *et seq.*, p. 193, 196; Shindelbeck v. Moon, 32 Ohio St. 264 (ice from waste pipe); Leonard v. Storer, 115 Mass. 86 (ice from a steep roof); Gridley v. Bloomington, 68 Ill. 47 (cover in sidewalk); Handyside v. Powers, 145 Mass. 123 (elevator accident); Sinton v. Butler, 40 O. St. 158 (elevator accident); Moor v. L. I. S. Co., 7 Atl. Rep. 198 (open hole dug by tenant); Schott v. Harvey, 105 Pa. St. 222 (statute requiring fire escapes); Keely v. O'Conner, 106 Pa. St. 321 (fire escape); Lee v. Smith, 42 O. St. 458 (fire escape); Mayer v. Corleis, 2 Sandf. 301 (waste water in street); Ryan v. Wilson, 87 N. Y. 471 (shaft in laundry); Ray on Negligence of Imposed Duties, pp. 50, 52, 66, 67; Wood on Nuisance, 78, 141.

APPELLEE'S BRIEF, BLAKE & KELLY, ATTORNEYS.

Where the premises are leased with the nuisance upon them, the authorities hold that the owner, the lessor, and not the tenant, would be responsible for injuries that might be occasioned by the nuisance.  Gridley v. Bloomington, 68 Ill. 47; City of Peoria v. Simpson, 110 Ill. 300; Stephani v. Brown, 40 Ill. 428; The Pennsylvania Co. et al. v. Ellett, Adm'r, 132 Ill. 654.

OPINION OF THE COURT, CARTWRIGHT, J.

Appellee brought this suit against appellant, and obtained a verdict for $600, from which $300 was remitted, and judgment was entered for $300 and costs.

The declaration contained two counts.  The first count charged in substance that defendant occupied and possessed a tract of land upon which it operated and controlled a coal shaft, or mine, wherein it mined large quantities of coal adjacent to lands in the lawful possession of plaintiff; that a running stream of water, naturally clear and fit for ' domestic purposes, and stock use, flowed through defend-

ant's tract upon and across plaintiff's land; that in the oper-
ation of the coal shaft or mine by defendant large quantities
of dirt, waste coal and other waste material and refuse
matter were taken out of said shaft or mine, and deposited
by or through the acts of defendant in said stream and
carried a short distance and deposited on plaintiff's land,
whereby large portions thereof were rendered unfit for cul-
tivation or tillable purposes, and the waters of the stream
were rendered unfit for domestic purposes and stock use,
and that plaintiff was thereby damaged in compelling him
to spend a large portion of his time procuring water for
his stock.

The second count alleged that plaintiff was in possession
of said land occupied by him as tenant, and contained the
same averments as the first count concerning the operation
of the coal shaft, or mine, by defendant, and the removal
therefrom of coal and other material. It charged that
defendant deposited, or caused to be deposited, a large
amount of said dirt, waste coal, waste material and other
refuse matter on the land so occupied by plaintiff, covering
a large amount of plaintiff's land, rendering it unfit for
cultivation or tillable purposes. This count contains no
reference to any stream of water.

On the trial, plaintiff introduced evidence tending to prove
that the coal shaft was about forty rods from his land, and
nearly as far from the creek; that defendant commenced to
build a washer for washing coal at the shaft in the fall of
1889, and when completed used it for such purpose, in con-
sequence of which the water used in washing, containing
sulphur and sediment, passed along a ditch into the creek,
and that in the following June there was a freshet, and coal
was brought down the creek so that it filled the channel
and spread upon portions of his land. He was then per-
mitted to testify, against the objection of defendant, to dam-
age by water occasioned by the obstruction of the channel
by the coal so as to flood his land and destroy his crops by
the action of water. It was not alleged in the declaration
that defendant had inflicted an injury of that kind upon

him, but his right to recover, so far as injury to his land was concerned, was based on the charge that dirt, waste coal, waste material and other refuse matter from the shaft were deposited, either directly, or through the agency of the stream, upon his land, rendering it unfit for cultivation or tillable purposes. It was therefore error to admit proof of the claim which was not made by the declaration. Guest v. Reynolds, 68 Ill. 478; Ayers v. Chicago, 111 Ill. 406; T. W. & W. Ry. Co. v. Morgan, 72 Ill. 155; C., B. & Q. R. R. Co. v. Dickson, 143 Ill. 368.

Plaintiff testified to damages that he claimed to have suffered, from the spring of 1890, up to the commencement of the suit, in the summer of 1892, consequent upon the continued use of the washer and operation of the mine. The evidence for the defendant was that there was a strike of miners, in consequence of which the mine was not operated at all from April 30 to August 1, 1890, when it was leased to other parties, and that defendant had nothing to do with the operation of the mine, the washing of coal, or the pumping of water, after August 1, 1890. The declaration in each count charged that defendant occupied the premises and operated the mine, and it was necessary to prove the nature of the defendant's liability, as laid. Gridley v. City of Bloomington, 68 Ill. 47. Under the declaration plaintiff could not recover for any injury sustained from acts of lessees.

The third instruction given for plaintiff was to the effect that plaintiff was entitled to recover damages for any dirt, waste coal and waste material deposited in the creek by defendant's lessees in the operation of its coal mine and carried by the waters of the creek upon the land of plaintiff, injuring his crops or rendering the land untillable. This instruction should not have been given. The defendant's eleventh instruction was refused. It stated the rule correctly as to defendant's liability in this action for damages occasioned by acts of lessees, and should have been given.

Under proper pleadings the defendant might be made lia-

ble, if it leased the premises with the washer built upon them in such a way that its operation would inflict injury on plaintiff's premises, and with the object of having it used by the tenant, when such results would naturally follow in the proper use of it. Such an injury would result from the prosecution of a business for the continuance of which the defendant would receive rent as a consideration. Stephani v. Brown, 40 Ill. 428. But the declaration was not framed to recover for such a cause. The evidence showed that the bulk of the waste carried to plaintiff's land was not deposited in the ditch or creek, but was washed there by freshets from a place of deposit on defendant's land; and in no event could defendant be made liable, merely from its relation as landlord, for the improper and negligent deposit of waste on the premises, by its tenant, in such a way that freshets would carry it upon the plaintiff's land.

The judgment will be reversed and the cause remanded.