JOSEPHINE C. THOMPSON v. WILLIAM H. TRUESDALE, Receiver.[1]

May 15, 1895.

Nos. 9437—(105).

**Carrier—Ticket—Detachment of Coupons—Waiver.**

On a commutation ticket, and the coupons thereof, were printed provisions to the effect that the ticket was not good unless the coupons were detached by the conductor. *Held*, conceding that when the ticket was issued these conditions formed a part of the contract, it was competent for the parties subsequently to waive them. The practice of receiving as fare the coupons detached, and without presentation of the rest of the ticket, is evidence of such waiver.

**Same—Revocation of Consent.**

Conceding that the carrier had a right to revoke his consent to such waiver after he had so received some of the detached coupons, it was his duty to give reasonable notice of such intended revocation.

**Same.**

If, without such notice and relying on such waiver, the holder of the ticket detached a coupon, and took it with her upon the train, without taking the rest of the ticket, the carrier could not, when such coupon was then presented for fare, revoke his consent to such waiver, so as to deprive her of the use of the coupon, or compel her to pay extra fare.

**Same—Custom.**

The fact that a general custom prevailed between a carrier and his passengers to waive these conditions in this class of tickets tends to prove that the conductors on the train had authority so to waive the conditions.

Action in the district court for Hennepin county, against W. H. Truesdale as receiver of Minneapolis & St. Louis Railway Company

---

[1] Reported in 63 N. W. 259.

to recover damages for trespass in ejecting plaintiff from defendant's train. The jury rendered a verdict in favor of plaintiff for $2,549.83, and thereafter the court, Jamison, J., made an order granting defendant's motion for a new trial unless plaintiff should consent to a reduction of the verdict to $225, in which event the verdict should stand as reduced, and the motion should stand denied. Plaintiff consented to the reduction, and defendant appealed from the order. Affirmed.

*Albert E. Clarke* and *Wilbur F. Booth*, for appellant.

*A. H. Hall* and *Fred W. Reed*, for respondent.

CANTY, J. In the summer of 1893 the plaintiff resided with her husband and family at Fairview,—a station on the line of the Minneapolis & St. Louis Railway 17 miles from Minneapolis on the shore of Lake Minnetonka. On August 2 of that year she took the regular passenger train on said railroad at Minneapolis to ride to Fairview, and tendered to the conductor, in payment of her fare, a detached coupon of a commutation ticket, which he refused to receive for the reason that it was detached, and demanded that she pay the regular fare, which she refused to do, and thereupon he ejected her from the train. This action is brought by her against the receiver operating the railroad to recover damages for trespass in being thus ejected. Plaintiff recovered a verdict, and from an order denying his motion for a new trial the defendant appeals.

The defendant pleaded as a defense to the action: That prior to said day he issued and placed on sale a commutation ticket which entitled the purchaser and holder thereof to 10 rides over said railroad between Minneapolis and Excelsior,—a station one mile beyond Fairview. That in consideration of the compliance by the purchaser and holder thereof with the provisions and conditions therein contained, he transported the holder thereof for the reduced fare of 30 cents per trip, whereas the regular fare was 54 cents per trip. That on the cover of said 10-trip ticket, among other conditions, is printed the condition: "It [the 10-trip ticket] must be presented to the conductor on each trip for detachment; otherwise ordinary fare will be collected." And on each coupon is printed the words, "This coupon is good for one ride between Minneapolis and Excelsior, in either direction, but must be de-

tached by the conductor only, or it will not be accepted for passage." That plaintiff tendered as aforesaid a coupon detached from one of said 10-ride tickets, refused to produce or exhibit to the conductor the original ticket from which the coupon had been detached, or to pay her fare, and was for these reasons ejected from the train. In her reply the plaintiff admitted that the ticket from which the coupon which she presented was detached was in the form, and contained the provisions and conditions, alleged, and was sold for the price alleged; but she avers that for a long time prior thereto the defendant waived these conditions in such tickets, by continuously, and as a regular custom, receiving such detached coupons from her and other passengers holding such tickets upon presentation of such coupons without producing the book. There was sufficient evidence received on the trial to establish such custom, both as to plaintiff and other passengers. But it is contended by appellant that the ticket, and each coupon thereof, constitute an express contract between the parties, which cannot be varied or contradicted by proof of waiver, and that the conductors on the trains have no power to waive such conditions, or set aside the express provisions of contract made by their superiors, or establish a custom to that effect.

Conceding, without deciding, that the conditions printed on this ticket and coupon should be given the same force and effect as if they were contained in a written contract signed by the parties, still it was competent for the parties by a subsequent agreement to waive these conditions. Evidence of a practice on the part of defendant to waive the conditions of the particular ticket, and receive the detached coupons thereof without presentation of the rest of the ticket, was competent to prove his consent, given subsequent to the purchase of the ticket, that such conditions be dispensed with. And conceding that he had a right to revoke such consent after he had so received some of the detached coupons, it was his duty to give reasonable notice of his intended revocation. If, without such notice and relying on such waiver, the plaintiff detached the coupon in question, and took it with her on the train, leaving the rest of the ticket at home, the defendant could not, when such coupon was presented, revoke such consent, so as to deprive her of the use of the coupon, or compel her to pay extra fare. Whether or not the placards which, it is claimed, had been posted

in the cars, gave plaintiff sufficient notice of such intended revocation, was a question for the jury. The fact that a general custom existed between defendant and his passengers on these lake trains to waive and disregard these conditions in this class of tickets tended to prove that the conductors on the trains had authority to waive such conditions. It was the duty of the defendant to know what his conductors were openly and frequently doing. Montgomery Railway Co. v. Kolb, 73 Ala. 396; St. Joseph & W. R. Co. v. Wheeler, 35 Kan. 185, 10 Pac. 461; Chicago, B. & Q. R. Co. v. Dickson,.143 Ill. 368, 32 N. E. 380; Lucas v. Milwaukee & St. P. R. Co., 33 Wis. 41. It has frequently been held that, as between him and the passengers under his charge, the conductor represents the company, and can waive conditions in the contract for transportation.

This disposes of the case, and the order appealed from is affirmed.