HIRAM JACOBS, TREASURER, *vs.* JOHN H. HOLGENSON ET AL.

Third Judicial District, Bridgeport, Oct. Term, 1897. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

In an action to recover the amount of a liquor license bond the plaintiff alleged that the licensee was duly convicted of "selling and exposing for sale on Sunday," etc., in violation of § 3097 of the General Statutes, "as amended by the Public Acts of 1895." The record of such conviction was also referred to and made part of the complaint. In this record it appeared that the licensee had been charged with and had pleaded guilty to the commission of two offenses: one of violating the provisions of the Act of 1895, which prohibited giving away liquor in saloons on Sunday, and the other of keeping open on Sunday in violation of the provisions of § 3097. The defendants admitted all the allegations of the complaint, and thereupon the trial court rendered judgment for the plaintiff. *Held:*—

1. That the Act of 1895 did not amend § 3097 of the General Statutes, but created a new and distinct offense, a conviction of which did not work a forfeiture of the license bond.
2. But that the complaint, although defective in form, did, as a whole, substantially allege the conviction of an offense under § 3097 of the General Statutes, and that such conviction worked a forfeiture of the bond.
3. That it was immaterial to the present case whether the sentence in the liquor prosecution was imposed upon one or both counts, or was illegal; inasmuch as the bond was forfeited by the conviction, no appeal having been taken.

A finding of the issues for the plaintiff operates in the same manner upon formal defects in the complaint, as does the verdict of a jury.

An answer admitting all the allegations of the complaint cannot be treated as a demurrer, so far as formal defects in the complaint are concerned.

[Argued October 26th—decided November 30th, 1897.]

ACTION to recover the amount of a liquor license bond, brought to the City Court of New Haven and tried to the court, *Dow, Assistant Judge,* upon the defendants' admission of the truth of the allegations of the complaint; the court was of opinion that the defendants were liable upon the admitted facts, and rendered judgment against them, whereupon they appealed to this court for alleged errors in the rulings of the trial court. *No error.*

The condition of the bond sued upon, is as follows: "Whereas the above bounden Holgenson has made application to the board of county commissioners of the county of New Haven for a license to sell spirituous and intoxicating liquors in the town of New Haven, in said county: Now if such license shall be issued to the said Holgenson, and the said Holgenson shall comply with all the provisions of sections 3087 to 3101 inclusive, of the statutes under which said license may be issued, then this bond to be void; otherwise, of full force in the law."

Paragraph 3 of the complaint alleges that "said Holgenson was, on the 4th day of December, 1896, in the City Court of New Haven, duly convicted of selling and exposing for sale on Sunday certain spirituous and intoxicating liquors, he not having a druggist's license therefor, in violation of the provisions of the statutes, sections 3087 to 3101 inclusive, under which the license mentioned in paragraph 2 was issued, to wit: in violation of section 3097 of said statutes, as amended by the Public Acts of 1895. A copy of the record of said conviction will be filed in said court at its first opening upon the return day hereof, and marked Exhibit B."

Exhibit B is the record of a prosecution against Holgenson, the complaint in which contains two counts. The first count was for selling and exposing for sale, dispensing, disposing of and giving away certain intoxicating liquors, between the hours of 12 o'clock on Saturday the 24th of October,

1896, and 5 o'clock on the Monday morning next following; and the second was for keeping open a certain place in which intoxicating liquors were sold and exposed for sale, between the hours of 12 o'clock on Saturday night, the 24th of October, 1896, and 12 o'clock on the Sunday night next following. To this complaint Holgenson pleaded guilty. The judgment recites that the court "finds that the accused is guilty in manner and form as alleged in said complaint," and imposes a fine of $10 and costs of prosecution. From that judgment no appeal was taken.

The defendants' answer to the complaint in the present case, is as follows: "Paragraphs 1, 2, 3, 4 and 5 (being all the paragraphs of the complaint) are admitted." The judgment of the court below recites that the court "finds the issue for the plaintiff," and adjudges that the plaintiff recover of the defendants $300 damages and his costs.

From this judgment the appeal is taken, on the ground (set forth in various forms in the reasons of appeal) that the judgment is erroneous, because it legally appears from the record of the case that the only conviction, if any, alleged and proved, is a conviction for violating the provisions of the Public Acts of 1895; and no conviction for the violation of any provision of §§ 3087 to 3101 inclusive of the General Statutes, is alleged.

Section 3064 of General Statutes provides that each person receiving a license for the sale of intoxicating liquors, shall give a bond with sufficient surety "conditioned for the due observance of all the provisions of sections 3087 to 3101 inclusive." Section 3097 of the General Statutes, and Chap. 251 of the Public Acts of 1895, are given in the foot-note.*

---

* "Sec. 3097. Every person who by himself, his servant, or his agent, between the hours of twelve o'clock on Saturday night and twelve o'clock on Sunday night next following, shall sell or expose for sale any spirituous or intoxicating liquors, or shall keep open any place of any kind or description in which spirituous and intoxicating liquors are at any time sold or exposed for sale, or are reputed to be sold or exposed for sale, or in which any sports or games of chance are at any time carried on or allowed, or are reputed to be so carried on or allowed, shall be fined not less than fifty nor more than one hundred dollars, or be impris-

*Albert D. Penney* and *James Buchanan*, for the appellants (defendants).

*Edward G. Buckland* and *James D. Dewell, Jr.*, with whom was *Benjamin I. Spock*, for the appellee (plaintiff).

HAMERSLEY, J.  If the complaint in this case alleges, and alleges only, the defendant Holgenson's conviction of the offense created by Chap. 251 of the Public Acts of 1895, the judgment is wrong.  The obligations of the bond are determined by the statute law as it was on January 1st, 1896.  At that time, by force of § 3064 of the General Statutes, the bond would be forfeited if the licensee should be convicted " of a violation of any of the provisions of sections 3087 to 3101 inclusive."  No one of these sections then contained a provision forbidding the giving away intoxicating liquors between the hours of 12 o'clock on Saturday night and five o'clock on Monday morning next following; but Chap. 251 of the Public Acts of 1895 creates such an offense, which is similar to one of the offenses defined in § 3097; and it is claimed by the plaintiff that this Act should be construed as if it said: "Section 3097 is amended so as to read as follows " (incorporating therein the new offense in place of the similar offense defined in the section as originally enacted).

Such construction is not allowable.  The Act of 1895 is an independent Act; it does not purport to be in addition to, or amendment of, or repeal of, any prior Act or part thereof. Whether the new offense is so defined as, by implication, to

oned not more than six months, or both; but this section shall not apply to sales under a druggist's license."

Chapter 251 of the Pub. Acts of 1895.  " Every person who, by himself, his servant, or his agent, between the hours of twelve o'clock on Saturday night and five o'clock on Monday morning next following, in any place of any kind or description in which spirituous or intoxicating liquors are at any time sold or exposed for sale, or are reputed to be sold or exposed for sale, shall dispense, dispose of, or give away any spirituous or intoxicating liquors, shall be fined not less than fifty nor more than one hundred dollars, or be imprisoned not more than six months, or both; but this act shall not apply to sales or transactions under a druggist's license."

repeal the provision relative to the similar offense contained in § 3097, is immaterial; that section is not amended by including the new offense within its provisions, and therefore a conviction of that offense cannot work a forfeiture of the bond.

The complaint, however, does allege Holgenson's conviction of a different offense, to wit, keeping open, between the hours of 12 o'clock on Saturday night and 12 o'clock on Sunday night next following, a place where intoxicating liquors are sold. This is admittedly a conviction of the violation of one of the provisions contained in § 3097, and within the condition of the bond.

The defendant urges that in paragraph 3 of the complaint this conviction is defectively alleged. The record of the conviction is a part of paragraph 3, and by including that record in the paragraph the pleader alleges, inferentially at least, that Holgenson was charged in one prosecution with two offenses, to wit: the offense of violating the provisions of the Act of 1895 in the first count, and of violating one of the provisions of § 3097 in the second count; and that by his plea of "guilty" he was convicted of each of these distinct offenses. The pleader also in general terms defines the offense of which Holgenson was so convicted, inaccurately and in language of doubtful meaning, especially in connection with the legal conclusion alleged, that the Act of 1895 was an amendment to § 3097. Paragraph 3 is plainly open to demurrer. We think, however, that the defects are matters of form rather than of substance, and that the paragraph as a whole does substantially allege that Holgenson was convicted of the violation of the provisions of § 3097 specified in the record of conviction, which is made a part of the paragraph. Such formal defects are healed by verdict. *Griffin* v. *Pratt*, 3 Conn. 513, 515; *State* v. *Ryan*, 68 id. 512, 517. And the finding of the court below, recited in the judgment, that "the court having heard the parties finds the issue for the plaintiff," must operate in the same manner. The defendants might have demurred, and in that case the defects could have been cured by amendment. In answering by a specific ad-

mission of each allegation in the complaint, they have waived their right of objecting to formal defects as effectually as if they had answered by denial; they cannot now limit the effect of their admissions as evidence upon which the court may act in finding the issues for the plaintiff. *Conn. Hospital for Insane* v. *Brookfield*, 69 Conn. 1, 5. The law requires all demurrers to distinctly specify the reasons why the pleading demurred to is insufficient, and cannot be evaded by treating an answer admitting each allegation as a demurrer to formal defects.

The defendants further urge that the record of conviction indicates that the Police Court regarded the complaint before it as charging a single offense; and that the sentence is illegal if treated as a punishment for more than one offense. The formal finding of the judgment is " that the accused is guilty in manner and form as alleged in said complaint." This is conclusive. It is immaterial to the present case whether the sentence was imposed on one or both counts, or is illegal. The bond was forfeited by the conviction, unless an appeal was taken. By the terms of § 3064 the forfeiture took place after the plea of guilty was entered, when the time limited for giving notice of appeal expired. *Quintard* v. *Knoedler*, 53 Conn. 485, 487.

There is no error in the judgment appealed from.

. In this opinion the other judges concurred.