## Edward B. Leigh v. National Hollow Brake Beam Company.

### Gen. No. 12,894.

1. JUDICIAL NOTICE—*of what not taken.* In the absence of averment, and proof, the court will not take judicial notice of the state in which a corporation, party to a suit, was chartered, or consider the laws of such state applicable to corporations as a factor in determining the power and authority of such corporation.

2. DECLARATION—*when objection that, does not state cause of action does not come too late.* An objection that the declaration in a cause does not state a cause of action does not come too late when first made on appeal.

3. DECLARATION—*when every presumption indulged in favor of.* Where a cause has gone to judgment and an appeal taken and the point that the declaration does not state a cause of action is first raised on such appeal, every presumption and intendment will be indulged in favor of the declaration.

4. DECLARATION—*clerical errors do not render, ineffective to state a cause of action.* Held, that a declaration does not fail to state a cause of action which omits from the introductory clause the words, "sues Edward B. Leigh" (the defendant), and which in the first line

Leigh v. National H. B. B. Co.

of the statement of the cause of action substitutes the word "defendant" for the word "plaintiff."

5. REPLICATION—*effect of failure to rejoin to.* · Where a replication is not rejoined to, the material allegations of the replication well pleaded are deemed to have been admitted.

6. VARIANCE—*when objection for, comes too late.* An objection for variance comes too late when first made on appeal.

Action of trover.  Appeal from the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding.  Heard in this court at the March term, 1906.  Affirmed.  Opinion filed January 7, 1907.

JOHN P. AHRENS and DAVID S. GEER, for appellant.

DEFREES, BRACE & RITTER, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the · court.

Appellant was summoned to answer appellee, under *praecipe* in due form, in an action of trover.  The following is the declaration:  (R. p. 6.)

"STATE OF ILLINOIS, } ss.
County of Cook.  }

IN THE CIRCUIT COURT THEREOF.
December Term, A. D. 1904.

NATIONAL HOLLOW BRAKE BEAM
COMPANY, for use of F. D.
KETCHAM, Receiver,          } Trover.
                v.
        EDWARD B. LEIGH.

The National Hollow Brake Beam Company, a corporation, by Hamlin & Boyden, its attorneys, for the use of Frank D. Ketcham, receiver, defendant, of a plea of trespass on the case.

For that, whereas, the defendant heretofore, to wit, on or about the first day of January, A. D. 1898, at the county aforesaid, was lawfully possessed, as of its own property, of certain goods and chattels, to wit, a certain certificate for six thousand five hundred and twenty-nine (6,529) shares of the capital stock of the Chicago Railway Equipment Company, a corporation, the same being dated the first day of May, A. D.

1904, and being numbered six hundred and fifty-one (651), and issued to one E. B. Leigh, and deposited as collateral security for a certain note of Atkins & Milligan, dated the twenty-seventh day of May, 1897, for the sum of ten thousand dollars ($10,000), and said certificate being of the par value of, to wit, twenty thousand dollars ($20,000); and being so possessed thereof, the plaintiff afterward, to wit, on the day and year aforesaid, then and there casually lost said goods and chattels, to wit, said certificate, out of its possession, and the same, afterwards, to wit, on the same day, then and there came to the possession of the defendant by finding. Yet the defendant, well knowing the said goods and chattels, to wit, the said certificate, to be the property of the plaintiff, has not yet delivered the same, or any part thereof, to the plaintiff, although thereto often requested, but has hitherto refused to do so, and afterward, to wit, on the same day, there converted and disposed of said goods and chattels, to wit, said certificate, to his own use. To the damage of the plaintiff in the sum of twenty thousand dollars ($20,000), and, therefore, it brings its suit.''

Appellant appeared and pleaded the general issue and the Statute of Limitations. To the general issue appellee added a *similiter,* and, procuring leave to reply double to the plea of the Statute of Limitations, filed first a traverse in denial and, second, the following replication:    (R. pp. 11-12.)

''Plaintiff, for further replication to second plea, says that the said certificate of stock in the said plaintiff's declaration mentioned was, on and prior to the 30th day of September, A. D. 1898, in the possession of one J. L. Calhoun, who was then and there the treasurer of the plaintiff, and that said certificate was held by said treasurer as collateral security for the payment of a certain promissory note executed by the firm of Atkins & Milligan, and dated the 27th day of May, A. D. 1897, and which, by its terms, became due on the 31st day of December, 1897, which promissory note was for the sum of ten thousand dollars, and was held and owned by the plaintiff; that after-

ward, to wit, on said 30th day of September, 1898, said Calhoun, treasurer, with consent of plaintiff, and its executive and finance committee, turned over and delivered said certificate of stock to defendant, in his capacity as vice-president of plaintiff, to be held by him in trust for it. And plaintiff further says that afterwards, in the month of January, 1899, defendant was elected treasurer of the plaintiff company, and that as such treasurer of the plaintiff he received and took into his custody and possession, from himself as vice-president, as aforesaid, the stock certificate in the plaintiff's declaration mentioned. And the plaintiff further says that afterwards, and at a point of time unknown to plaintiff, defendant, while in possession of said stock certificate as treasurer of plaintiff, converted same to his own use. And plaintiff further says that defendant, at and after the time of said conversion, and until shortly before the bringing of this suit, fraudulently concealed from the plaintiff the fact that he had so converted said certificate, and that this action was commenced within five years after the plaintiff discovered that it had the cause of action mentioned in said declaration. And this plaintiff is ready to verify, etc.''

No rejoinder was made to this special replication, which, it will be seen, is in confession and avoidance, and the cause proceeded to trial before the court, without the intervention of a jury, by agreement of the parties.

The trial resulted in a judgment of $15,061.37, which is here sought to be reversed upon the main contentions that the declaration is insufficient to support the judgment, because it states no cause of action, exclusion of testimony given and proffered by appellant, and that appellee had no authority in law to own the stock of another corporation, and cannot maintain an action at law in relation thereto.

We will dispose of these questions in the inverse order of their statement.

There is no plea of *ultra vires* in this record challenging the power or authority of appellee to own the

stock of another corporation or to retain as collateral security for a debt due, or for a loan of money, the corporate stock in question. Consequently such an issue was not before the trial court, and neither is it here for our determination. Furthermore, the charter of appellee is not in this record; neither was it proffered as evidence by either party. As the powers of a corporation are encompassed within its charter, that instrument must be resorted to in order to ascertain and determine the extent of the corporate power and authority. If the question of *ultra vires* were in this record by appropriate pleading, the absence of appellee's charter would bar our passing in judgment as to whether or not its dealings in the matters in controversy were *ultra vires*. In the absence of averment and proof, the court will not take judicial notice of the state in which a corporation, party to a suit, was chartered, or consider the laws of such State applicable to corporations as a factor in determining the power and authority of such corporation. No presumptions can be indulged which lack support in the record. City of Chicago v. English, 180 Ill. 476.

If the doctrine of *ultra vires* could be invoked, the decision in Leigh v. Hollow Brake Beam Co., 205 Ill. 147, as applied to the facts in evidence here would defeat its operating as a defense.

While many objections were made and exceptions preserved by appellant to the exclusion by the trial court of evidence heard, and its refusal to admit evidence proffered, and errors duly assigned, yet failing to find such actions of the trial court discussed in the briefs or urged upon our attention in argument, we shall assume counsel have abandoned their original intention to seriously press these matters for the judgment of this court, and will pass them without further discussion.

This leaves for decision the vital point, urged upon us with much force and ingenuity, that this case must

be reversed because the declaration utterly fails to state a cause of action.

In passing, it must be conceded that counsel for both the contestants here have been loose in their pleading and dilatory in discovering infirmities in the pleading.   It is patent that the avowed informality in the declaration is an afterthought on the part of counsel for appellant.   No point was made by either plea or motion until after the cause reached this court on appeal and additional errors were assigned projecting this controversial point into the case for the first time.   In this state of the record, by every known rule of procedure at law, every intendment is indulged hostile to so plain a defect, so readily correctible at the initial stage of the defense, and all essential presumptions obtain to support a judgment otherwise warranted upon the merits of the cause as disclosed by the evidence in the record.

We think the solution of the questions raised upon the claimed defects of the declaration rests in the conclusion to be reached as to whether the declaration defectively states the cause of action, or states a defective cause of action.   If the former be the legal effect of its averments, then it is sufficient to support the judgment, and objections raised for the first time on appeal will be unavailing to disturb it; but if the latter is the correct interpretation to be put upon the declaration, it is then insufficient to support the judgment, and an objection first made on appeal will not be regarded as too late.

All the authorities which appellant has cited hold that to authorize the reversal of a judgment of the trial court for defects in the declaration, where the objection is made for the first time on appeal, the declaration must be defective to the extent of failing to state a cause of action.

The general rule as formulated by the text writers on pleadings and stated in the decisions of the courts of review, is, that a verdict will aid a defective state-

ment of title, but will never assist a statement of a defective title or cause of action. Chitty's Pleading, vol. 1, 722; C. & E. I. R. R. v. Hines, 132 Ill. 161; Culver v. Third Nat'l Bk., 64 Ill. 529; Kipp v. Lichtenstein, 79 Ill. 358; King v. Sea, 6 Ill. App. 189.

In King v. Sea, *supra,* Judge McAllister, who voiced the opinion of the court, said, p. 191: "The general rule is that a verdict will aid a title or cause of action imperfectly set out, but not an imperfect title or cause of action. Where no cause of action at all is set out, the statute of amendments and jeofails does not apply; the rule is as at common law, and error will lie. Neither will such total defect be cured by verdict. Rushton v. Aspinall, 2 Doug. 679; William v. Turnpike Co., 4 Pick. 341; Needham v. McAuley, 13 Vt. 68; Carlisle v. Weston, 1 Metcalf 26; Griffin v. Platt, 3 Conn. 513. But there is another reason why there can be no intendment here after verdict. The principle on which such intendments in some cases will be regarded as curing defects in the declaration after verdict is this: Where there is any defect, imperfection or omission in any pleading in substance or form, which would have been a fatal defect upon demurrer, yet, if the issue joined be such as necessarily required at the trial proof of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give or the jury would have given the verdict, such defect, imperfection or omission is cured by the verdict. 1 Chitty's Pl. 673; Stennell v. Hogg, 1 Saunders, 228, and notes."

Does this case fall within the principle so clearly and forcefully stated in the concluding clause of Mr. Justice McAllister's opinion, *supra?* Is the statute of amendments and jeofails a curative of the obvious defect in this declaration? That the declaration is inartificially drawn must be conceded. The *praecipe* and summons are confessedly in due form. The venue in the declaration is followed by an entitling of the

parties to the cause, plaintiff and defendant, in the form set out in the *praecipe* upon which the summons was issued. There was omitted from the introductory clause of the declaration the words "sues Edward B. Leigh"—plainly a mistake of the draughter of the pleading. In the first line of the statement of the cause of action another error is patent—"plaintiff" should have been inserted where "defendant" appears. These defects made the declaration obnoxious to a demurrer. None was interposed. It was therefore waived. A plea of the general issue was filed, together with a special plea of the Statute of Limitations. Appellant, having obtained leave to reply double to the plea of the Statute of Limitations, filed a replication traversing such plea, and also a replication in confession and avoidance of it. An examination of this latter replication discloses that sufficient facts are averred which in themselves state a cause of action in trover for the shares of stock set forth in the declaration. This replication constituted a part of the pleadings, and the declaration not being challenged the facts therein set forth sufficiently apprised appellee of the nature of appellant's claim, and such facts, if sustained by proof, constituted a right of action in appellant in trover for the stock. To this replication no rejoinder was made, and the case went to trial without issue being joined on it. Appellant was ruled to rejoin to this latter replication, but failed to do so. Conforming to the rule of pleading that "a material fact asserted on one side and not denied by the other is admitted," would seem to leave the essential and material facts constituting appellant's right to recover admitted. The cause was tried on issues involving the bar of the Statute of Limitations against the right to maintain the action avoided by facts set up in a replication undenied by a rejoinder and the plea of the general issue. If effect is to be given to the ruling in C. & A. v. Clausen,

173 Ill. 100, "that defects in pleadings may sometimes be aided by the pleadings of the opposite party," the faulty declaration here is cured by the pleadings of appellant, which supply not only any omission in the declaration, but render plain any defective statement of the cause of action which may appear in it.

In City of East Dubuque v. Burhyte, 74 Ill. App. 99, a like defect was in the declaration. It was charged that the defendant, the city, "was thrown to the ground," etc., and suffered the injuries, damages for which plaintiff sought to recover in the action; but the court disposed of the contention by saying: "This was obviously a mere clerical mistake and could not have misled anyone. It should have been pointed out by special demurrer, and then would have been corrected. Where that which should have been written, as well as the mistake, appears from the context, so that it may be helped out by construction without extrinsic evidence, the true intent will prevail." The Supreme Court affirmed the decision of this court in 173 Ill. 553. This may be regarded as a decision exactly in point here on this question, and as conclusive. Many other cases are cited in appellee's brief to the like effect, but their review or quotation here would serve no useful purpose. It is evident from all that appellant did, both in his pleadings and his defense in the trial court, that he was neither misled by the defects in the declaration or hampered in any manner in making his defense, and that his interpretation of the claim against him made by appellant in his defective statement of that claim in his declaration comported with the facts constituting that cause of action. The declaration evidently served the primary function of such pleading by informing appellant of appellee's cause of action against him. Appellant acted understandingly and without complaint or objection, as shown by the record, until after the cause reached this court. It is now too late to interpose an objection to any inartificial statement of the cause of action

apparent in the declaration, or any omissions or deficiencies appearing in its form. The finding of the trial court, with the judgment entered thereon, preceding the raising of any question as to the sufficiency of the declaration in law, finds an efficient curative in the statute of amendment and jeofails, chap. 7, R. S. All the averments of fact in the declaration following the words "the defendant was lawfully possessed," etc., clearly indicate the nature of the error in the use of the word "defendant." Among such averments are these: that the plaintiff casually lost the certificate, and that possession thereof came to the defendant by finding; that he, the defendant, knew the certificate to be the property of the plaintiff; that defendant refused to deliver the same to the plaintiff upon request, but converted and disposed of such certificate to his own use. The use of the neuter pronoun "its" after the words "lawfully possessed" in this sentence, "was lawfully possessed of *its* own property," being in the neuter gender indicates an intention to designate that party to the suit without gender, viz., the appellee plaintiff. This condition is fully met and decided adversely to appellant's contention in Chicago & Alton R. R. v. Heinrich, 157 Ill. 388; Supreme Lodge v. McLennan, 171 Ill. 417, and many other cases in this State.

Other objections made to the form of the declaration are equally without force. The failure to aver that the certificate of stock was indorsed, if such averment was necessary, should have been raised by demurrer. By going to trial on issues joined on the declaration, the infirmity, if it be such, is condoned. Likewise the objection that there was no sufficient averment of ownership of the note to which the certificate of stock was collateral, comes too late after judgment as a primary objection here.

The variance between the averment of the declaration and the proof of the date of the stock certificate —the date in the declaration being May 1, 1904, and

the proof being May 1, 1894—should have been met by an objection upon the trial; failing so to do, it is waived. The reason for the rule is obvious. The objection if made on the trial may be overcome by an amendment of the declaration conforming to the proof, which cannot be done on appeal. The objection is purely technical and does not affect the merits; it was not made in apt time; it is of no avail here. Roberts v. Corby, 86 Ill. 182; C., B. & Q. R. R. v. Dickson, 143 Ill. 368.

The plea of the Statute of Limitations put in issue a question of fact as to when the wrongful conversion of the certificate of stock, the subject-matter of the suit, occurred. Appellant contended the conversion occurred in January, 1899, and appellee that such conversion took place in July, 1900. The contention of appellant, if sustained, would make his plea of the Statute of Limitations effective as a defense, and, on the other hand, if appellee sustained its replication traversing the plea, the defense of the limitation statute must fail.

The certificate for the 6,529 shares of the stock of the Chicago Railway Equipment Company, the subject of this controversy, was, prior to September, 1898, in the possession of one J. L. Calhoun, the treasurer of appellee, who, on the latter date, delivered the certificate, with other securities of appellee, to appellant as vice-president of appellee company, for the purpose of auditing the accounts of appellee for presentation to its annual meeting in January, 1899. At this annual meeting appellant was elected treasurer of appellee in the place of Calhoun, and as such treasurer he retained possession of this stock certificate and all the other property of appellee delivered to him by Calhoun. Appellant admits the conversion of the stock certificate, and claims such conversion was made in January, 1899; that with the consent of Laughlin, president of appellee, he transferred the certificate from one pigeon hole in a vault of appel-

lee's, then under his control, and in which appellee's securities were kept, and put it in another pigeon hole in the same vault, in which latter pigeon hole he kept his private papers. This story of appellant, Laughlin positively denies. Evidently if appellant's statement was true, the mere change of the certificate from one pigeon hole to another, with or without the consent of Laughlin, was no evidence of an intention to convert this property of appellee to his own use, but when in July, 1900, he surrendered the certificate to the Equipment Company, and in its place procured two certificates, one to himself and the other to a third party, both aggregating the full number of shares called for by the original certificate, the conversion to his own use took place. This was an overt act of conversion. The change of position in the vault, knowledge of which is not imputable to appellee, while it may tend to prove an intention on the part of appellant to subsequently unlawfully convert the shares to his own use, yet until the time of the surrender of the certificate to the Equipment Company for re-issue of stock evidenced by it to others than appellee, appellant's possession of the certificate was the possession of appellee. The trial court's ruling in this regard was correct. The finding on the plea of the Statute of Limitations, in favor of appellee, in view of the evidence, is fully justified.

We are of the opinion that the declaration states, though defectively, a good cause of action, that its defects are cured by the finding and judgment of the trial court, without the interposition of any objection by appellant in the trial court; that the question of *ultra vires* is not in the case, for reasons already suggested; and that appellant failed to maintain his defense of the plea of the Statute of Limitations.

We find no error in this record which calls for a reversal of the judgment of the Circuit Court, and its judgment is, therefore, affirmed.

*Affirmed.*